■ ANITA BETTIS, Appellant, v COUNTY OF NASSAU, Respondent. [623 NYS2d 294] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered November 17, 1992, which granted the defendant's motion for

summary judgment dismissing the complaint and denied the plaintiff's cross motion for leave to amend her complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the defendant County of Nassau (hereinafter the County) for summary judgment. The plaintiff was injured when she slipped and fell on a stairway in a building located on land owned by the County. The County leased to a third-party tenant (hereinafter the tenant) only the land upon which the building in which the plaintiff was injured was located and did not own the building itself. According to the terms of the lease, title to the building was to remain solely with the tenant. Moreover, the County had no authority to approve, disapprove, or make alterations to any of the tenant's design specifications.

An out-of-possession landlord is subject to liability for injuries caused to an individual on the premises when the landlord is contractually obligated to make repairs or maintain the premises *(see, Putnam v Stout,* 38 NY2d 607). Here, the lease imposes no such obligation on the part of the County. The lease provides that "[a]t all times during the term of this lease, Tenant shall, at its expense, make all repairs on and to the Premises, whether structural, non-structural, interior, exterior, or otherwise * * * and shall maintain the Premises in a neat, orderly and good physical condition". Although the County had a limited right to enter the premises upon reasonable notice to the tenant, this provision of the lease does not pertain to making repairs. The "reservation of a general right to inspect the premises does not rise to the level of a contractual duty to repair which imposes liability upon a lessor" *(Lafleur v Power Test Realty Co. Ltd. Partnership,* 159 AD2d 691, 692).

The Supreme Court also properly denied the plaintiff's cross motion to amend her complaint to add the tenant as a defendant. The plaintiff failed to establish that the tenant was "united in interest" with the County *(see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226), or that her failure to ascertain the proper party was due to any reasonable mistake *(see, Wimbish v Green,* 191 AD2d 491, 492).

We have considered the plaintiff's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.