(July 17, 1995)

■ NAZIR AHMAD et al., Respondents, v GETTY PETROLEUM CORP., Respondent-Appellant, LOUHAL PROPERTIES, INC., et al., Appellants-Respondents, et al., Defendant. [629 NYS2d 779] —In an action to recover damages for personal injuries, etc., the defendants Louhal Properties, Inc., and L. Halperin's Station, Inc., appeal from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 24, 1994, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Getty Petroleum Corp. cross-appeals from so much of the same order as denied, as academic, the branch of its motion which was for summary judgment on its first and fourth cross claims against L. Halperin's Station, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendants Louhal Properties, Inc., and L. Halperin's Station, Inc., for summary judgment is granted, and the complaint is dismissed insofar as asserted against them; and it is further,

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs payable by the plaintiffs-respondents.

On the night of January 16, 1990, the plaintiff Nazir Ahmad (hereinafter Ahmad) was working at a Getty gasoline station in Richmond Hill, Queens, when he was confronted by an armed robber. When Ahmad informed the robber that he did not have access to the store's safe, the robber shot Ahmad three times, seriously injuring him. The gasoline station where the robbery occurred is owned by Louhal Properties, Inc. (hereinafter Louhal), and leased by Ahmad's employer, Anil Oil, Inc. The plaintiffs subsequently commenced this negligence action contending, *inter alia,* that the robbery could have been prevented had the defendants properly maintained a lock on the door to the booth where Ahmad was seated when the unidentified perpetrator approached him. Included as defendants to the action were the appellants, L. Halperin's Station, Inc. (hereinafter L. Halperin's Station), which supplied gasoline to the service station, and the out-of-possession property owner, Louhal.

On appeal, L. Halperin's Station contends that the Supreme Court erred in denying summary judgment because the record establishes that it breached no duty of care to the plaintiffs. We agree. L. Halperin's Station submitted proof that its only connection to the service station was pursuant to a retail distribution agreement with Ahmad's employer, Anil Oil, which required L. Halperin's Station to arrange for the delivery of Getty gasoline. The retail agreement expressly preserved the independent status of Anil Oil as the retailer. L. Halperin's Station reserved no rights to maintain, supervise, or control any of the day-to-day operations of the service station. Moreover, the plaintiff failed to offer evidence that L. Halperin's Station had any other connection with the service station from which a duty could arise to exercise reasonable care to maintain the premises in a safe condition to protect the plaintiff from the reasonably foreseeable criminal acts of third persons *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519; *see also, Iannelli v Powers,* 114 AD2d 157). Under these circumstances, L. Halperin's Station is entitled to judgment as a matter of law.

We further find that summary judgment should have been granted to the defendant Louhal. Although an out-of-possession landlord may be subject to liability for injuries caused to an individual on the premises when it is contractually obligated to

make repairs or maintain the premises *(see, Putnam v Stout,* 38 NY2d 607; *Bettis v County of Nassau,* 212 AD2d 749), here, the subject lease agreement required the tenant, Anil Oil, to maintain the premises and make all necessary repairs. Furthermore, there is no evidence that Louhal was involved in the daily operations of the service station, or that it retained a sufficient degree of dominion and control over the leased premises to provide a basis for the imposition of liability *(see, Kramer v Ash Clothing,* 213 AD2d 600, *Fresina v Nebush,* 209 AD2d 1004; *cf., Klein v Actors & Directors Lab,* 95 AD2d 757). Rosenblatt, J. P., Ritter, Joy and Krausman, JJ., concur.