■ KAREN DALZELL, Appellant, v McDONALD's CORP., Respondent. [632 NYS2d 635] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated January 28, 1994, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of W & K Management, Inc., the licensee and operator of a McDonald's restaurant in Farmingdale, New York, was sexually assaulted during the course of an armed robbery that occurred shortly after midnight on January 7, 1991. The premises are owned by the defendant

and leased to the licensee, W & K Management. The plaintiff commenced the instant action alleging, *inter alia,* that the defendant's negligent failure to install and maintain a security system or to implement a security program was a cause of her injuries. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint finding, in essence, that the defendant, as an out-of-possession landlord, had no duty of care toward the plaintiff.

It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises *(see, Putnam v Stout,* 38 NY2d 607; *Dufficy v Wharf Bar & Grill,* 217 AD2d 646; *Gelardo v ASMA Realty Corp.,* 137 AD2d 787).

Here, the lease and licensing agreements required W & K Management to maintain the premises and make all necessary repairs. The defendant's reservation of a right to enter and to inspect the premises is insufficient to impose liability on the defendant *(see, Bettis v County of Nassau,* 212 AD2d 749; *Silver v Brodsky,* 112 AD2d 213). Moreover, there was no evidence that the defendant had retained a sufficient degree of dominion and control over the leased premises to provide a basis for the imposition of liability *(see, Ahmad v Getty Petroleum Corp.,* 217 AD2d 600).

Finally, there is no evidence of any affirmative conduct on the part of the defendant which would show that it had assumed a duty of care toward the plaintiff *(cf., Cohen v Heritage Motor Tours,* 205 AD2d 105; *Martin v McDonald's Corp.,* 213 Ill App 3d 487, 572 NE2d 1073).

Accordingly, we find that the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Bracken, J. P., Rosenblatt, Joy and Krausman, JJ., concur.