■ THOMAS O'GORMAN et al., Appellants, v GOLD SHIELD SECURITY & INVESTIGATION, INC., et al., Respondents. (And a Third-

Party Action.) [633 NYS2d 517] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Segal, J.), entered February 4, 1994, which granted the motion of the defendant TC Services for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) an order of the same court, dated August 1, 1994, which granted the motion of the defendant Gold Shield Security & Investigation, Inc., for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the orders are affirmed, with separate bills of costs payable to the respondents by the appellants.

TC Services, the owner of the premises where the plaintiff Thomas O'Gorman was working at the time he was allegedly assaulted by an unidentified assailant, is an out-of-possession landlord, the premises having been leased to Trans Con Lines as a trucking facility. Although an out-of-possession landlord may be subject to liability for injuries caused to an individual on the premises when it is contractually obligated to make repairs or maintain the premises *(see, Putnam v Stout,* 38 NY2d 607; *see also, Ahmad v Getty Petroleum Corp.,* 217 AD2d 600; *Bettis v County of Nassau,* 212 AD2d 749), here the lease agreement does not contain such an obligation. Moreover, there is no evidence that TC Services was involved in the daily operations of the trucking facility, or that it retained a sufficient degree of dominion and control over the premises to provide a basis for the imposition of liability *(see, Kramer v Ash Clothing,* 213 AD2d 600).

We further find that summary judgment was properly granted to Gold Shield Security & Investigation, Inc. (hereinafter Gold Shield) because the plaintiffs failed to establish that the contract between Trans Con Lines and Gold Shield intended to confer a direct benefit upon Thomas O'Gorman, a Trans Con Lines employee, as a third-party beneficiary, to protect him from physical injury *(see, Bernal v Pinkerton's, Inc.,* 52 AD2d 760, *affd* 41 NY2d 938; *see, Johnson v McLane Assocs.,* 201 AD2d 436, citing *Paradiso v Apex Investigators & Sec. Co.,* 91 AD2d 929; *cf., Flynn v Niagara Univ.,* 198 AD2d 262).

We have examined the plaintiffs' remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.