■ WILLIAM BAKER, Respondent, v GETTY OIL COMPANY et al., Appellants, et al., Defendant. [663 NYS2d 40] —In an action to recover damages for personal injuries, the defendants Getty Oil Company and Power Test Realty Company Limited Partnership appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated October 23, 1996, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff suffered injuries when he was shot during a robbery at the gasoline station where he was employed. He subsequently commenced this action against Power Test Realty Company Limited Partnership (hereinafter Power Test), the owner and lessor of the premises, Getty Oil Company (hereinafter Getty), the lessee and sublessor of the premises, and J & B Service Center, Inc., his employer and the entity which operated the premises pursuant to sublease and franchise agreements between its principal, John Samoila, and Getty. Power Test and Getty, as out-of-possession landlords, moved for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court denied the motion. We reverse.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.,* 220 AD2d 638, 639; *see, Gilbert v 4905 Ave. D Realty,* 224 AD2d 659). The instant plaintiff failed to make either showing. Indeed, there is no evidence suggesting that Power Test had any duty to repair or that it retained any control over the premises. Moreover, while Getty had a contractual obligation to make certain limited structural repairs occasioned by ordinary wear and tear or by damage from the elements, sublessee Samoila had the express obligation to make all other repairs and to maintain the station in a "well-lighted" and "good, safe and operating condition". Similarly, while the sublease and franchise agreements required Samoila to comply with certain minimum business standards set by Getty as franchisor, Getty as a matter of law did not retain that degree of control over the premises and Samoila's day-to-day business operations as would permit the imposition of liability against it (*see, e.g., Johnson v Urena Serv. Ctr.,* 227 AD2d 325; *O'Gorman v Gold Shield Sec. & Investigation,* 221 AD2d 325; *Dalzell v McDonald's Corp., supra; Ahmad v Getty Petroleum Corp.,* 217 AD2d 600). Accordingly, Power Test and Getty are entitled to summary judgment.

Summary judgment is also appropriate on the alternative ground that the plaintiff failed to come forward with adequate evidence demonstrating that the appellants reasonably should have foreseen the criminal conduct which injured him (*see, Charleen F. v Cord Meyer Dev. Corp.,* 212 AD2d 572; *Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718; *Hendricks v Kempler,* 156 AD2d 425; *Tarter v Schildkraut,* 151 AD2d 414). Miller, J. P., Florio, McGinity and Luciano, JJ., concur.