■ JAMES C. LEWIS et al., Appellants, v MCDONALD'S CORPORATION et al., Respondents, et al., Defendant. [664 NYS2d 477] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Lama, J.), dated December 10, 1996,

which granted the motion of the defendants McDonald's Corporation, Hunt Enterprises, Inc., Huntwood Products Co., and Peter Hunt and the cross motion of the defendants Russo Security Services, Inc., and Alonzo Backsdale a/k/a Alonzo Barksdale for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which granted those branches of the motion of the defendants McDonald's Corporation, Hunt Enterprises, Inc., Huntwood Products Co. and Peter Hunt which were to dismiss the complaint insofar as asserted against Hunt Enterprises, Inc., Huntwood Products Co., and Peter Hunt and substituting therefor provisions denying those branches of the motion, and (2) deleting the provision thereof which granted the cross motion of the defendants Russo Security Services, Inc., and Alonzo Backsdale a/k/a Alonzo Barksdale for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs.

The instant action arises out of an incident which occurred on March 17, 1991, at a McDonald's restaurant in Brentwood, Long Island. The plaintiffs, who were patrons of the restaurant, were assaulted, and two of them were shot, by three assailants in the restaurant's parking lot.

The plaintiffs produced evidence establishing that the defendants Hunt Enterprises, Inc., Peter Hunt, and Huntwood Products Co. (hereinafter collectively Hunt), the lessee in possession of the premises, knew or should have known of the possibility of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises (*see, Jacqueline S. v City of New York,* 81 NY2d 288; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Rudel v National Jewelry Exch. Co.,* 213 AD2d 301). Accordingly, an issue of fact exists on this record as to whether Hunt failed to provide adequate security to its patrons, and Hunt's motion for summary judgment should have been denied.

The plaintiffs also produced probative evidence that the security guard, the defendant Alonzo Backsdale a/k/a Alonzo Barksdale (hereinafter Barksdale), failed to immediately summon the police after being advised that one of the individuals harassing the restaurant staff was carrying a gun and assuring the plaintiff James Craig Lewis that he would "take care of it". Under these circumstances, a question of fact was presented for resolution by the jury with respect to the negligence

of Barksdale. Accordingly, the motion of Barksdale and his employer, the defendant Russo Security Services, Inc., for summary judgment should have been denied.

The Supreme Court properly granted that branch of the motion of the defendants McDonald's Corporation, Hunt Enterprises, Inc., Huntwood Products Co., and Peter Hunt which was for summary judgment dismissing the complaint insofar as asserted against McDonald's Corporation (*see, Dalzell v McDonald's Corp.,* 220 AD2d 638). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.