[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiff seeks to recover damages for an alleged slip and fall incident which occurred on September 20, 1997. The plaintiff alleged in his amended complaint filed on January 28, 1999, that he was injured when he slipped and fell on a pile of garbage left on the ground on the premises of a McDonald's restaurant. The amended complaint further alleged that the building in which the injury occurred was owned by the defendant McDonald's Corporation (McDonald's) and that the defendants Richard Spero, Kathryn Spero, and R K Spero d/b/a McDonald's of East Haven (R K Spero), were the licensees and franchisees of McDonald's. The amended complaint contains three counts, each alleging negligent maintenance of the premises. Count one is directed at McDonald's, count two is directed at R K Spero, and CT Page 9322 count three is aimed at Richard Spero and Kathryn Spero.
On March 31, 1999, McDonald's filed a motion for summary judgment as to count one[1] of the amended complaint. McDonald's asserts that it is entitled to judgment as a matter of law because it did not have possession or control of the subject premises at the time of the injury. In support of its motion, McDonald's filed the affidavit of Peter L. Schaefer, a McDonald's employee authorized to give an affidavit on behalf of McDonald's. McDonald's also attached a copy of the operator's lease between it and Richard Spero and Kathryn Spero. Each party filed a memorandum of law in support of its position. Oral argument was heard at short calendar on May 27, 1999.
The standards that the court must apply in deciding a motion for summary judgment are well established. "Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc.,248 Conn. 21, 24 (1999).
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 566 (1998). "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw,193 Conn. 442, 446 (1994). Nonetheless, "[t]he issue of whether [a] defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v.Southern New England Telephone Co., 44 Conn. App. 657, 660
(1997). CT Page 9323
The plaintiff alleges that McDonald's had a duty to maintain the subject premises in a safe condition and to prevent the condition which caused his injury. According to the allegations in the amended complaint, this duty result from the fact that McDonald's was in possession and control of the premises at the time of the injury.
"Liability for injuries caused by defective premises is not based upon title, but on possession and control." Farlow v.Andrews Corp., 154 Conn. 220, 225 (1966); see also, e.g.,Curcurato v. Southland Corp., Superior Court, judicial district of Waterbury, Docket No. 143960 (November 10, 1998, Vertefeuille,J.). "It is the possession of land that imposes liability for injuries rather than the ownership of land . . . because the person in possession is in a position of control and is best able to prevent harm." Link v. Woodbridge Elderly Housing, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 364666 (May 15, 1996, Corradino, J.), citing D. Wright, J. FitzGerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) c. 46, p. 108.
"Connecticut subscribes to the common-law view that a landlord is under no obligation or liability to the tenant for personal injuries due to the defective condition of the demised premises or the lack of repair or defects therein in the absence of an agreement, express or implied to the contrary. . . . One of the many exceptions to this rule, however, is where the landlord retains control of a portion [or all] of the demised premises. In such a case the landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition." (Citations omitted.) Pollack v. Gampel, 163 Conn. 462, 468,313 A.2d 73 (1972); see also Jahne v. LAZ Parking Ltd., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 526378 (July 28, 1994, Hennessey, J.).
Determining who is in possession and control over leased premises first involves an analysis of the written lease. SeeMartel v. Malone, 138 Conn. 385, 388-89 (1951). "Where the lease does not definitively resolve the issue of control, the actual use of the premises and the circumstances surrounding its use become dispositive as to the issue of actual control." Curcuratov. Southland Corp., supra, Superior Court, Docket No. 143960, citing Panaroni v. Johnson, 158 Conn. 92, 98-99 (1969). "A lease is a contract . . . and its construction presents a question of law for the court." (Citations omitted.) Robinson v. Weitz, CT Page 9324171 Conn. 545, 551 (1976). Thus, if the issue of control cannot be resolved from an analysis of the lease, the issue becomes one of fact. See Charest v. Burger King Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 395749 (March 3, 1993, Aurigemma, J.) (8 C.S.C.R. 369), citing Panaroniv. Johnson, supra, 99.
In support of its motion for summary judgment, McDonald's asserts that the lease between it and the Speros demonstrates that the Speros, rather than McDonald's, were in possession and control of the premises at the time of the incident.
Several provisions of the lease agreement, which is attached to McDonald's motion for summary judgment, are relevant to the court's inquiry. Many of these provisions suggest that pursuant to the lease agreement, the Speros, as lessees, were in possession of the subject premises during the term of the lease. Section 2.03 provides, in relevant part: "Lessor covenants and agrees that Lessee . . . shall lawfully and quietly hold, occupy and enjoy the Premises during the term of this lease, without hinderance [hindrance] or molestation by or from anyone claiming by, through or under Lessor. . . ." Section 2.07 provides that the lessees acknowledge and accept the condition of the premises "[b]y taking possession" thereof. Several other provisions of the lease suggest further that the Speros were responsible for maintenance of the premises. Section 2.08, entitled "Lessee's Compliance with Various Requirements," provides in part: "During the term of this Lease, Lessee shall keep the Premises and every part thereof and all buildings, at any time situated thereon, in a clean and wholesome condition and repair and shall maintain the Premises so that in all respects and at all times they fully comply with all lawful health and police regulations." Furthermore, § 4.02, entitled "Maintenance and Repair," states: "Lessee shall, at its expense, (a) keep the entire Premises, all improvements, utility lines, and Lessee's or Lessor's fixtures and equipment at all times in good repair, order or condition; (b) replace all broken, damaged or missing personal property, fixtures or equipment; and (c) at the expiration of the term of this lease, whether by lapse of time or otherwise, surrender the Premises in good repair, order and condition, ordinary wear and tear excepted, and loss by fire and other casualty excepted to the extent that provision for such exception may elsewhere be made in this lease. . . . Lessee's obligation to make repairs to the premises shall include all repairs, whether ordinary or extraordinary, including structural repairs to the foundation, floors, walls and roof." As CT Page 9325 a whole, the lease agreement appears to contemplate that the lessees are responsible for the day-to-day operation of a McDonald's franchise in accordance with the franchise standards established by McDonald's Corporation.
While there are no factually similar appellate level cases addressing the situation in the present case, several recent Superior Court decisions analyze the issue of possession and control in the context of a commercial lease. In two Superior Court cases involving substantially similar facts and both involving the McDonald's Corporation as a defendant, different results were reached. In Grant v. McDonald's Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 525054 (August 6, 1996, Hennessey, J.), the plaintiff allegedly slipped on a wet portion of the floor in a McDonald's restaurant which had just been washed and left in an unreasonably slick condition. The plaintiff initially brought the action against McDonald's Corporation, but later cited in as a party defendant the licensee and franchisee of the subject restaurant. McDonald's filed a motion for summary judgment on the ground that the licensee and franchisee, not McDonald's, was in possession and control of the subject premises. Citing contract language identical to that in the present action, the court granted the motion of McDonald's, concluding that the lease explicitly provided that the licensee-franchisee retained exclusive possession and control of the premises at the time of the accident. See id.
In contrast, the Superior Court denied McDonald's Corporation's motion for summary judgment in Garnett v.McDonald's Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 033016 (October 15, 1993, Zoarski, J.) (8 C.S.C.R. 1159). As in Grant, the minor plaintiff in Garnett
was injured when he slipped and fell on a wet, recently-washed portion of the restaurant floor. Although the lease agreement was attached to the defendant McDonald's motion, the court concluded that a genuine issue of material fact existed as to which party was in possession and control of the subject restaurant at the time of the accident. See id., 1160. In light of the franchise relationship existing between McDonald's and its franchisees, the court reasoned that McDonald's held control over the policies and procedures of its franchise. The franchise agreement required the franchisees to follow the "McDonald's System" in operating the restaurant. Because the plaintiff alleged that his injuries were caused by negligent cleaning practices which were allegedly CT Page 9326 imposed by McDonald's, the court concluded that there was a genuine factual issue regarding possession and control which should be left to the jury. See id.
It is difficult, and probably unnecessary, to reconcile Grant
and Garnett. Both, however, involved allegations of wet floors which, it was argued, were caused in part by adherence to McDonald's cleaning standards. In the present action, however, the cause of the injury allegedly was a pile of garbage left on the floor rather than a portion of the floor which was left wet. This distinction, it is submitted, is material. While the court in Garnett was persuaded that the injury there could have been caused by McDonald's imposition of negligent cleaning practices, no such argument could reasonably be made in the present action. Even if the Speros, as franchisees, were required to follow certain policies in regard to the daily operation of the restaurant, such policies could not possibly require the franchisee to produce the condition which, it is claimed, caused the accident here — garbage on the restaurant floor. As the law of negligence requires that the plaintiff demonstrate that the defendant owed a him a duty, the notion of possession and control must relate to the condition that caused the injury and not merely the premises where the injury occurred. See Smith v.Housing Authority, 144 Conn. 13, 17 (1956) (holding that an agreement granting a landlord the exclusive right to make repairs would amount to the "retention by the landlord of control of the leased premises for the purpose of making repairs" (emphasis added)); Cieszynski v. Franklin Corp., 25 Conn. Sup. 342, 345
(1964) (holding that plaintiff must allege "that the defendant had some control over the alleged defective condition" and thus a duty to remedy the condition (emphasis added)); Prodigy ServicesCo. v. South Broad Associates, 64 F.3d 48, 49-50 (2d Cir. 1995) (holding that under Connecticut law, landlord who agrees to make repairs in a portion of the rented premises may have retained control over that portion "for the purpose of making repairs" (emphasis added)); D. Wright, J. FitzGerald W. Ankerman, supra, c. 56, p. 147 (noting that the issue of landlord liability involves the "question of which party controls the defectivesituation or contrivance" (emphasis added)); see also Corrigan v.Antupit, 131 Conn. 71, 73-75 (1944) (noting that the nature of the defect causing the injury is an important consideration in determining whether a landlord should be liable for injury occurring in a building open to the public).
The plaintiff argues that § 3.07 of the lease agreement CT Page 9327 demonstrates that McDonald's maintained control over the subject premises. The provisions in § 3.07 that the plaintiff highlights include McDonald's right to enter and inspect the premises, the requirement that the plaintiff obtain McDonald's consent before altering or subletting the premises, and the requirement that the plaintiff maintain and return the premises in good condition. These provisions, however, appear to be standard reservations of rights which are common in the commercial leasing context. Their primary function is to give the franchisor some ability to intervene, should it seem necessary to uphold the franchise's standards. There is no allegation in this case that such a need for intervention arose.[2] Regardless of the provisions regarding intervention, specifically rights of entry and inspection, McDonald's cannot reasonably be said to have been in control of the daily operation of the restaurant within the subject premises; in the circumstances, it had no duty regarding the alleged condition causing injury. See, e.g., Farina v.Orchard Hill Market, Superior Court, judicial district of New Haven at New Haven, Docket No. 372697 (September 17, 1997,Zoarski, J.) (stating rule in Connecticut that the mere right to inspect is insufficient to create a genuine issue of material fact as to the issue of control); Charest v. Burger King Corp., supra, 8 C.S.C.R. 369 (holding that language in lease granting lessor right but not obligation to make repairs where lessee fails to do so is insufficient to create genuine issue of material fact absent evidence that lessor did in fact make repairs during lease term); accord Baker v. Getty Oil Co.,242 App.Div.2d 644, 645, 663 N.Y.S.2d 40 (1997) (noting that franchisor is only liable where it retains a high degree of control over the premises and the franchisee's day-to-day business operations).
McDonald's, then, was not in possession or control of the subject premises at the time the plaintiff allegedly was injured. The lease agreement demonstrates that the tenant was responsible for the maintenance and upkeep of the restaurant. McDonald's was not in control of the day-to-day operations of the restaurant and could not have had a duty to remove garbage from the restaurant floor.
In many circumstances, the nature of the relationship between the parties may raise a legitimate factual issue as to control of the premises. For instance, in Garnett was held to be possible that the action of the franchisee that caused the slippery condition was ultimately the result of the franchisor's CT Page 9328 requirements. In the present case, however, such a legitimate factual issue is not apparent. There is no evidence that the garbage on the floor resulted from the franchisees' compliance with a McDonald's directive. In fact, the lease agreement explicitly requires the Speros, as lessees, to keep the premises in a "clean and wholesome" condition. There is no genuine issue of material fact as to whether McDonald's was in possession or control over either the premises in general or the specific condition that allegedly caused the plaintiff's injury. Accordingly, it is submitted that McDonald's is entitled to judgment as a matter of law. McDonald's motion for summary judgment is granted.
Beach, J.