■ JOHN ZAGLAS et al., Appellants, v WILLIAM GIRONDA et al., Respondents. [698 NYS2d 49] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated August 7, 1998, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The employer of the plaintiff John Zaglas (hereinafter Zaglas), the Coca-Cola Bottling Company (hereinafter Coca-Cola), leased two of the three garage bays of a warehouse from

the defendants on property owned by them. The defendants conducted business in a smaller building on the property and performed routine maintenance, but had no control over Coca-Cola's business procedures and no responsibility to maintain security for the warehouse. Zaglas was inside the warehouse pursuant to his employment when he was assaulted by several masked men who entered through a door that could not be locked from the inside. He suffered injuries as a result.

The plaintiffs commenced this action against the defendants, as the owners and lessors of the property, and the defendants moved for summary judgment on the ground that they were out-of-possession landlords. The Supreme Court granted the motion, and we affirm.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor * * * is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.*, 220 AD2d 638, 639; *Baker v Getty Oil Co.*, 242 AD2d 644). The plaintiffs herein failed to show that the defendants were so obligated. Although the defendants performed routine maintenance and were physically present on a portion of the property because their own business was located there, the defendants were not responsible for the security of the warehouse and did not retain that degree of control over the warehouse and the business operations of the lessee Coca-Cola so as to impose liability against them (*see, Dalzell v McDonald's Corp., supra*).

In addition, there was no showing that criminal activity at this location was foreseeable (*see, Miller v State of New York*, 62 NY2d 506; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507).

Accordingly, the defendants are entitled to summary judgment. Ritter, J. P., Santucci, Thompson and Goldstein, JJ., concur.