■■■ STEPHANIE JONES, as Administratrix of the Estate of JAMES JONES, Deceased, Appellant, v RICHARD BARTLETT et al., Respondents. [713 NYS2d 407] —Order unanimously affirmed without costs. Memorandum: We agree with plaintiff that defendants should have moved to amend their answer to assert the defense based on Workers' Compensation Law § 29 (6) before including that defense as one of the bases for their motion for summary judgment dismissing the amended complaint (*see, Cole v Rappazzo Elec. Co.*, 267 AD2d 735, 738; *see also, Murray v City of New York*, 43 NY2d 400, 404-406, *rearg dismissed* 45 NY2d 966). We conclude, however, that Supreme Court nevertheless properly granted defendants' motion and denied plaintiff's cross motion for summary judgment on liability on the Labor Law § 240 (1) and § 241 (6) causes of action. Plaintiff's decedent was hanging a banner from a sign frame when he fell from his ladder and thus he was not engaged in work protected by Labor Law § 240 (1) (*see, Cook v Parish Land Co.*, 239 AD2d 956; *cf., Izrailev v Ficarra Furniture*, 70 NY2d 813 [involving work on an electric sign affixed flat against a building wall]; *Neville v Deters*, 175 AD2d 597 [involving replacement of permanent sign affixed to a building]). Nor was the work of plaintiff's decedent protected by Labor Law § 241 (6) because the injuries of plaintiff's decedent did not result from an accident in which construction, demolition or excavation work was being performed (*see, Vasey v Pyramid Co.*, 258 AD2d 906, 907; *Cook v Parish Land Co., supra*; *Walton v Devi Corp.*, 215 AD2d 60, *lv denied* 87 NY2d 809). The court properly granted summary judgment dismissing the common-law negligence cause of action because defendants established that they were out-of-possession landlords who did not retain control of the premises and were not contractually obligated to maintain or repair the premises (*see, Baker v Getty Oil Co.*, 242 AD2d 644, 645, *lv denied* 93 NY2d 801). Contrary to plaintiff's contention, the retention by defendant Bart-Rich Properties, a lessor, of the right to inspect the premises is insufficient to raise a question of fact on this issue (*see, Dalzell*

*v McDonald's Corp.*, 220 AD2d 638, *lv denied* 88 NY2d 815). In addition, plaintiff failed to raise an issue of fact whether defendants created a dangerous condition or failed to remedy it after receiving actual or constructive notice of it (*see, Winecki v West Seneca Post 8113*, 227 AD2d 978). (Appeal from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.