■ SHANADO PHILLIPS, Respondent, v SINBA ASSOCIATES, L.P., et al., Appellants. (And a Third-Party Action.) (Action No. 1.) SEAN THOMAS, Respondent, v SINBA ASSOCIATES, L.P., Appellant, et al., Defendant. (Action No. 2.) [745 NYS2d 447] —In two related actions to recover damages for personal injuries, the defendants in Action No. 1, and the defendant Sinba Associates, L.P., in Action No. 2, appeal from an order of the Supreme Court, Kings County (Gigante, J.), dated May 16, 2001, which denied their joint motion for summary judgment dismissing the complaint in Action No. 1 and for summary judgment dismissing the complaint in Action No. 2 insofar as asserted against Sinba Associates, L.P.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint in Action No. 1 is dismissed, the complaint in Action No. 2 is dismissed insofar as asserted against the defendant Sinba Associates, L.P., and Action No. 2 is severed as against the defendant Tilden Ballroom Catering Services, Inc.

"It is well settled that an out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises" (*Dalzell v McDonald's Corp.,* 220 AD2d 638, 639). On their motion for summary judgment, the out-of-possession landlords established that their contractual duty to make structural repairs, and their limited right of reentry, did not amount to a sufficient degree of control over the premises and the lessee's business operations to permit the imposition of liability against them for failure to provide adequate security (*see Zaglas v Gironda,* 266 AD2d 282, 283; *Baker v Getty Oil Co.,* 242 AD2d 644, 645; *Gilbert v 4905 Ave. D Realty,* 224 AD2d 659). Therefore, the movants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiffs failed to raise a triable issue of fact. Thus, the landlords are entitled to summary judgment.

In light of the foregoing, we need not reach the parties' remaining contentions. Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.