■ SUSAN D. ROSE, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. [747 NYS2d 632] —Appeal from an order of Supreme Court, Onondaga County (Nicholson, J.), entered January 14, 2002, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for injuries that she allegedly sustained at work when she tripped and fell as the result of loose floor tiling. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Contrary to defendant's contention, there is an issue of fact whether defendant retained control over that portion of the building where plaintiff fell. The building was owned by defendant but the area in which plaintiff fell was occupied by the Special Investigations Division of the Syracuse Police Department and by the County of Onondaga Sheriff's Department (collectively, municipalities) pursuant to a letter agreement. Although the letter agreement provided that the municipalities would be responsible for maintaining that portion of the building to be used by them, it further provided that defendant "now and hereafter" would have the "[p]aramount right" "to occupy and use the whole or any part or parts of its facilities for and in connection with its operations." In addition, the letter agreement provided that the municipalities "shall use [defendant's] facilities so as to provide for access for [defendant's] employees and equipment." Thus, defendant failed to meet its initial burden of establishing as a matter of law that it had no control over the portion of the building used by the municipalities (*see Baker v Getty Oil Co.*, 242 AD2d 644, 645, *lv denied* 93 NY2d 801; *see also Jones v Bartlett*, 275 AD2d 956, *lv denied* 96 NY2d 705; *Gilmartin v Tempestoso*, 273 AD2d 875). In any event, we further conclude that there is an issue of fact whether defendant by its course of conduct in fixing a leak in the roof and periodically checking the utility closet assumed responsibility to maintain the por-

tion of the building at issue where plaintiff fell (*see Rousseau v Gugliuzza*, 285 AD2d 993, 993; *Davison v Wiggand*, 259 AD2d 799, 801, *lv denied* 94 NY2d 751). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.