■ SIMONE OGILVIE et al., Appellants, v MCDONALDS CORPORATION et al., Respondents. [751 NYS2d 414] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Rosenberger, J.), dated February 15, 2002, which granted the motion of the defendants McDonalds Corporation, Vincent Amari, and Catherine Norce for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion for summary judgment, and (2), as limited by their brief, from stated portions of an order of the same court dated February 19, 2002.

Ordered that the appeal from the order dated February 19, 2002, is dismissed; and it is further,

Ordered that the order dated February 15, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff Simone Ogilvie sustained injuries when she was shot in the course of her employment at the defendant McDonalds Corporation (hereinafter McDonalds). The franchise was owned and operated by the defendant Thurman Lee Foods, Inc., and its president, the defendant Richard Yandoli. The defendants Vincent Amari and Catherine Norce owned the property in question, and leased it to McDonalds, which in turn subleased it to Yandoli. The plaintiffs commenced this action against the various defendants, including the owners and lessors of the property, McDonalds, Amari, and Norce. These defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were out-of-possession landlords which did not owe a duty to the plaintiff. The Supreme Court granted the motion, and we affirm.

An out-of-possession owner or lessor is not liable for injuries that occur on the premises unless the owner or lessor has retained control over the premises or is contractually obligated to repair or maintain the premises (*see Zaglas v Gironda*, 266 AD2d 282; *Dalzell v McDonald's Corp.*, 220 AD2d 638). The mere reservation of a right to enter and inspect the premises is insufficient to impose liability on the defendants Amari and Norce (*see Zaglas v Gironda, supra*). Further, while the lease

between McDonalds and the franchise owners obligated Mc-Donalds to perform certain repair and maintenance work on the premises, McDonalds demonstrated that it was not responsible for the security of the premises and did not retain that degree of control over the day-to-day operations of the franchise to warrant the imposition of liability (*see Zaglas v Gironda, supra; Baker v Getty Oil Co.,* 242 AD2d 644).

The order dated February 19, 2002, from which the plaintiffs purportedly appeal as of right, did not result from a motion made on notice. Accordingly, no appeal lies as of right, and since leave to appeal has not been granted, the appeal must be dismissed (*see* CPLR 5701 [a] [2]; *Kastberg v JLM Land Dev. Corp.,* 280 AD2d 453; *Cuffie v New York City Health & Hosps. Corp.,* 260 AD2d 423).

In light of our determination, we do not address the plaintiffs' remaining contentions. Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.