■ LYDIA JIMENEZ, Plaintiff, v LMA INTERNATIONAL LTD. et al., Appellants, et al., Defendants. UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH, Third-Party Plaintiff-Appellant, v CITY OF NEW YORK et al., Third-Party Defendants, and FARRELL CONSTRUCTION SERVICES, INC., Third-Party Defendant-Appellant. (And Other Actions.) PATRICK GLYNN et al., Respondents, v UNITED HOUSE OF PRAYER FOR ALL PEOPLE OF THE CHURCH ON THE ROCK OF THE APOSTOLIC FAITH et al., Appellants, et al., Defendants. (And Other Actions.) [762 NYS2d 354] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about October 25, 2002, which, to the extent appealed from as limited by the briefs, denied the motion of defendant United House of Prayer (UHOP) for summary judgment dismissing claims against it for negligent provision of security and denied, in part, the motion of defendants LMA International and Farrell Construction for summary judgment dismissing all claims, cross claims and third-party claims against them, unanimously affirmed, without costs.

As a landlord, UHOP had a common-law duty to take minimal precautions to protect tenants, such as the nonsettling plaintiffs, from a third party's foreseeable criminal conduct (*see Burgos v Aqueduct Realty,* 92 NY2d 544, 548 [1998]). It was not absolved of that duty by its relocation of church activities pending renovation of its church house, responsibility for the church house not having been fully assumed by another party during the period of relocation (*cf. Bennett v Twin Parks Northeast Houses,* 261 AD2d 200, 201 [1999]; *Lewis v McDonald's Corp.,* 245 AD2d 270, 272 [1997]).

Defendant general contractors have not demonstrated as a matter of law that they owed no duty to strangers to the contract with defendant church. The evidence of record permits the inference that the general contractors undertook a duty to plaintiffs under one or more of the three circumstances set forth in *Church v Callanan Indus.* (99 NY2d 104, 111-113 [2002]). Whether plaintiffs' harm was proximately caused by a breach of any such duty is, on this record, a question of fact (*see e.g. Equitable Life Assur. Socy. v Nico Constr. Co.,* 245 AD2d 194 [1997]). As for the contention that the horrific assault giving rise to this cause of action was a superseding cause

breaking the causal chain, while the gunman's violent behavior was not a foreseeable consequence of the general contractors' alleged negligence, a seriously injurious fire clearly was, and defendants failed to show that any of the injuries suffered by the current plaintiffs resulted purely from the gunman's rage and not from the fire (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314-316 [1980]).

We have considered appellants' remaining arguments and find them unavailing. Concur—Ellerin, J.P., Williams, Lerner and Gonzalez, JJ.