■ MADDLINE DEJESUS, Respondent, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Defendants, and CITY OF NEW YORK, Appellant. [765 NYS2d 377] —In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Queens County (Flug, J.), dated August 14, 2002, as denied that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court dated April 8, 2003, as upon, in effect, granting its motion for leave to renew, adhered to the prior determination.

Ordered that the appeal from the order dated August 14, 2002, is dismissed, as that order was superseded by so much of the order dated April 8, 2003, as was made upon renewal; and it is further,

Ordered that the order dated April 8, 2003, is reversed insofar as appealed from, on the law, with costs, the order dated August 14, 2002, is vacated, upon renewal the appellant's motion for summary judgment is granted, and the complaint is dismissed insofar as asserted against the appellant.

It is well settled that landlords have a common-law duty to take minimal precautions to protect tenants and members of the public from the foreseeable criminal acts of third parties *(see Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York,* 81 NY2d 288, 293-294 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520 [1980]). However, an out-of-possession property owner is not liable for injuries that occur on the premises due to the criminal acts of third parties unless the owner has retained control over the premises or is contractually obligated to provide security *(see DeLeon v Port Auth. of N.Y. & N.J.,* 306 AD2d 146 [2003]; *Ogilvie v McDonalds Corp.,* 300 AD2d 376, [2002], *lv dismissed in part, lv denied in part* 100 NY2d 576 [2003]; *Phillips v Sinba Assoc.,* 296 AD2d 389 [2002]; *Zaglas v Gironda,* 266 AD2d 282 [1999]).

In support of its motion for leave to renew, the defendant

City of New York submitted a copy of the 1970 agreement pursuant to which it leased its municipal hospitals to the New York City Health & Hospitals Corporation (hereinafter the HHC). Pursuant to this agreement, the HHC is required to assume responsibility for the maintenance of all leased property and the City retains no right as landlord to re-enter the leased facilities for any reason. Furthermore, the agreement does not require the City to provide security at the leased facilities. Although the Supreme Court noted on renewal that the agreement requires the City to provide funding for the HHC, this does not change the HHC's status as a public benefit corporation independent of the City of New York (*see Brennan v City of New York,* 59 NY2d 791 [1983]; *New York City Health & Hosps. Corp. v Council of City of N.Y.,* 303 AD2d 69 [2003]). Since the City is an out-of-possession landlord with no control over the day-to-day operations of the HHC, the Supreme Court erred in concluding that the City's obligation to provide funding is sufficient to raise an issue of fact as to whether it can be held liable for the alleged failure to provide adequate security at an HHC hospital under a proprietary theory (*cf. Miller v State of New York,* 62 NY2d 506 [1984]; *see Pollock v City of New York,* 145 AD2d 550 [1988]). Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.