Francis G. Finch, Jr., et al., Appellants, v Ryder Truck Rental, Inc., et al., Respondents. [891 NYS2d 218]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Francis G. Finch, Jr. (plaintiff) when he fell during the course of his employment as a delivery truck driver. Plaintiff's employer leased its delivery trucks and trailers from defendants and, pursuant to their "Truck Lease and Service Agreement" (Agreement), defendants agreed to provide maintenance and repairs for those vehicles. The trailer attached to the delivery truck that plaintiff was driving on the day of the accident had a refrigerated compartment that was accessed through a side door. At his first stop, plaintiff observed that the pull-out steps to the side door were broken and, after receiving instructions from his employer to continue with his deliveries, plaintiff used a wheeled handcart as a makeshift ladder to gain access to the side door. On his fourth stop, plaintiff fell while descending from the refrigerated compartment, using the handcart.

Supreme Court erred in granting defendants' motion seeking summary judgment dismissing the complaint. According to plaintiffs, defendants had prior notice of the "dangerous disrepair" of the pull-out steps on the trailer used by plaintiff and breached their duty to repair or replace them. Defendants'

own submissions in support of the motion raised triable issues of fact whether defendants had notice of the dangerous condition of the pull-out steps (*see generally Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407 [2008]; *Kucera v Waldbaums Supermarkets*, 304 AD2d 531, 532 [2003]). In addition, defendants failed to establish as a matter of law that plaintiff's conduct in using the handcart as a ladder was "unforeseeable or of such a character as to constitute a superseding cause absolving them from potential liability" (*Mazzio v Highland Homeowners Assn. & Condos*, 63 AD3d 1015, 1016 [2009]). Finally, the contention of defendants that they owed no duty to plaintiff under the Agreement is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.