■ Jerry Brice et al., Respondents, v Kevin Vermeulen et al., Appellants, et al., Defendants. (And Third-Party Actions.) [901 NYS2d 853]—

In an action to recover damages for personal injuries, etc., the defendants Kevin Vermeulen and Maria Vermeulen appeal from an order of the Supreme Court, Nassau County (Murphy, J.),

dated December 30, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The appellant homeowners failed to demonstrate their prima facie entitlement to judgment as a matter of law, thereby precluding the granting of their motion for summary judgment. The appellants acknowledged in their respective depositions that the front porch outside the entranceway to their house leading to a six-step stairway stood at least four feet above the ground. The appellants further acknowledged that neither the porch nor the stairway had any guards or handrails.

On their motion for summary judgment, the appellants failed to establish, as a matter of law, that their house was exempt from the applicable building code ordinances requiring, inter alia, the installation of guards or railings on the open portion of the porch standing at least 30 inches above the ground (see 2002 Residential Code of New York State § R316.1; Code of the Town of Oyster Bay § 135-19 [B]; see also Peters v 1625 E. 13th St. Owners, Inc., 18 AD3d 456, 456-457 [2005]; Viscusi v Fenner, 10 AD3d 361 [2004]; Hotzoglou v Hotzoglou, 221 AD2d 594 [1995]; Lattimore v Falcone, 35 AD2d 1069 [1970]). Contrary to the appellants' contention, their reliance on the independent contractors who designed and installed the front porch and stairway does not necessarily absolve them from liability for failing to keep their premises safe (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]).

Accordingly, the Supreme Court properly denied the motion, regardless of the sufficiency of the plaintiffs' opposing papers (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The appellants' remaining contention is without merit. Prudenti, P.J., Skelos, Florio and Sgroi, JJ., concur.