# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1031

CA 11-00644

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

JAMES M. STARR, JR., INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF STAR LYN STARR, AN
INFANT, PLAINTIFF-APPELLANT,

V                                                   MEMORANDUM AND ORDER

ROGER H. HOLES, DEFENDANT-RESPONDENT,
JOHN LIVELY AND WENDY LIVELY, DEFENDANTS.

---

HOGAN WILLIG, AMHERST (AMANDA L. LOWE OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

WAGNER & HART, LLP, OLEAN (JANINE C. FODOR OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, A.J.), entered June 10, 2010 in a personal injury action. The order granted the motion of defendant Roger H. Holes for summary judgment dismissing the complaint against him.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint against defendant Roger H. Holes is reinstated.

Memorandum: Plaintiff commenced this action, individually and on behalf of his daughter, seeking damages for burn injuries sustained by his daughter when she fell into a basin of water. The basin had been placed on a grate covering a floor furnace in an apartment leased to defendants John and Wendy Lively by Roger H. Holes (defendant). Supreme Court erred in granting defendant's motion seeking summary judgment dismissing the complaint against him. "While an out-of-possession landlord generally will not be responsible for dangerous conditions existing on leased premises, it is settled that [a] landlord may be liable for failing to repair a dangerous condition, of which [he or she] has notice, on leased premises if the landlord assumes a duty to make repairs and reserves the right to enter in order to inspect or to make such repairs" (*Oates v Iacovelli*, 80 AD3d 1059, 1060 [internal quotation marks omitted]). Defendant failed to establish as a matter of law that he lacked control of the premises and thus that he could not be held liable in this case (*see Rose v Niagara Mohawk Power Corp.*, 298 AD2d 834), and his own submissions raise a triable issue of fact whether he had notice of the allegedly dangerous condition (*see Finch v Ryder Truck Rental, Inc.*, 68 AD3d 1754, 1754-1755). Defendant also failed to establish that section

RM1408 of the applicable Residential Code of New York State does not apply to the subject floor furnace (*see Brice v Vermeulen*, 74 AD3d 858), or that the alleged violation of that section was not a proximate cause of the injuries sustained by plaintiff's daughter (*see Sanchez v Irun*, 83 AD3d 611, 612).