■ DEBRA CASCARDO, Appellant, v MICHAEL STACCHINI et al., Respondents. [954 NYS2d 177]—

In an action, inter alia, to recover damages for fraud and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered May 26, 2011, which, among other things, granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and denied her applications for an award of sanctions and for leave to replead or recommence the action.

Ordered that the appeal from so much of the order as denied the plaintiff's applications for an award of sanctions and for leave to replead or recommence the action is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. In considering a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord [the plaintiff] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Such a motion should be granted where, even viewing the allegations as true, the plaintiff cannot establish a cause of action" (*Parekh v Cain*, 96 AD3d 812, 815 [2012]; *see High Tides, LLC v DeMichele*, 88 AD3d 954, 956-957 [2011]; *Schwartz v Schwartz*, 55 AD3d 897 [2008]).

Here, even viewing the factual allegations of the complaint as true, they failed to adequately state a legally cognizable cause of action. Indeed, in this action against the attorneys who represented her adversaries in unrelated litigation, the plaintiff cannot allege the existence of the requisite contractual, fiduciary, or attorney-client relationship between herself and the defendants to support her various claims sounding in breach of contract, breach of fiduciary duty, and legal malpractice (*see generally Breen v Law Off. of Bruce A. Barket, P.C.*, 52 AD3d 635, 636-637 [2008]). Likewise, the plaintiff cannot properly plead reasonable reliance on the representations of another party's counsel so as to support her claim of fraud (*see Mann v Rusk*, 14 AD3d 909, 909-910 [2005]).

The plaintiff's remaining contentions regarding the defendants' motion to dismiss the complaint are without merit.

The appeal from the portion of the order denying the plaintiff's applications for an award of sanctions and for permission to replead or recommence the action must be dismissed, since no appeal lies as of right from this portion of the order, which did not result from a motion made on notice, and leave to appeal has not been granted (*see Faello v Faello*, 45 AD3d 728 [2007]; *Warren v Hyman*, 19 AD3d 481, 481-482 [2005]; *Walsh v Town of Brookhaven*, 7 AD3d 699 [2004]; *Ogilvie v McDonalds Corp.*, 300 AD2d 376, 377 [2002]). Mastro, J.P., Balkin, Lott and Austin, JJ., concur.