■ BERKSHIRE FASHIONS, INC., Appellant, v F.W. WOOLWORTH Co., Respondent. [682 NYS2d 172] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 2, 1998, which granted defendant's cross motion to dismiss two causes of action sounding in fraudulent concealment and negligent misrepresentation pursuant to CPLR 3211 (a) (7) and denied plaintiff's motion to compel discovery, unanimously reversed, on the law, with costs, defendant's cross motion denied, the causes of action reinstated, plaintiff's motion granted and the matter remanded for further proceedings.

This action involves defendant-respondent F.W. Woolworth Co.'s (hereinafter Woolworth) alleged intentional misrepresen-

tation of its financial plans to plaintiff-appellant Berkshire Fashions, Inc. (hereinafter Berkshire) while they were negotiating a long-term requirements contract. Woolworth and Berkshire had done business for over 40 years. Between April and June 1996, Berkshire and Woolworth entered into an agreement in which Woolworth agreed to make Berkshire its principal supplier of umbrellas for four years. In return, Berkshire promised to retain sufficient inventory to meet all of defendant's umbrella needs and to provide, at its own expense, rack fixtures to display the products.

In a letter signed by its chief executive officer, Woolworth assured Berkshire that the Woolworth Stores were experiencing promising financial trends. Based on the representations in the letter and its expectation that defendant would continue purchasing umbrellas for a four-year period, plaintiff purchased the rack fixtures at a cost of $80,000, and built up inventory sufficient to fulfill all of defendant's needs on demand.

On July 18, 1997, Woolworth notified plaintiff that it was closing all retail stores and canceling all open umbrella orders. At no point prior to this notice did Woolworth inform plaintiff that it was even considering closing its stores or otherwise indicate that it might not be able to meet the four-year commitment. As a result, Berkshire was left with a $488,665 inventory of umbrellas as well as the $80,000 expense for the display racks.

Plaintiff's allegations in the verified complaint, which must be accepted as true on a motion to dismiss (*Khan v Newsweek, Inc.*, 160 AD2d 425, 426), make out a valid cause of action in tort for fraudulent concealment. Further proceedings are necessary with respect to issues of whether the representations made by defendant to plaintiff in 1996 were a deliberate misrepresentation when made or a true statement of future expectation. As such, the motion to dismiss should not have been granted (*Swersky v Dreyer & Traub*, 219 AD2d 321).

Further, the IAS Court erred in dismissing the claim for negligent misrepresentation. In its complaint, Berkshire alleges that it relied upon the misrepresentations knowingly made by defendant to make the capital expenditures, and that defendant was linked to plaintiff by benefitting from plaintiff's capital investment. Contrary to the motion court's decision, defendant and plaintiff were in direct and actual privity. These allegations are sufficient to make out a cause of action for negligent misrepresentation (*Kimmell v Schaefer*, 224 AD2d 217, *affd* 89 NY2d 257).

Inasmuch as the causes of action for fraudulent concealment

and negligent misrepresentation are reinstated, plaintiff's motion to compel discovery is granted. We remand the matter for further proceedings on this as well as all other issues. Concur— Lerner, P. J., Wallach, Tom and Andrias, JJ.