■ RICHMOND SHOP SMART, INC., Respondent, v KENBAR DE- VELOPMENT CENTER, LLC, Formerly Known as KEN-BAR DEVEL- OPMENT Co., Appellant. [820 NYS2d 124]—

In an action for specific performance of a contract containing a restrictive covenant or, alternatively, inter alia, to recover damages for breach of contract and fraud, the defendant appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated December 1, 2005, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

In deciding a motion to dismiss pursuant to CPLR 3211 (a) (7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the plaintiff] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *Operative Cake Corp. v Nassour,* 21 AD3d 1020 [2005]). In this regard, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Leon v Martinez,* 84 NY2d 83, 88 [1994]; *Parker v Leonard,* 24 AD3d 1255, 1256 [2005]).

Here, the plaintiff stated a cause of action sounding in breach of contract by alleging that the parties' lease termination agreement contained a prohibition against the defendant leasing space to a competing business for 10 years, and that the defendant breached that provision by entering into an agreement with another prospective tenant to provide a lease for a competing business at that location in the near future. These allegations were supported by documentary evidence submitted by the plaintiff. Moreover, although not specifically pleaded, the allegations and supporting evidence sufficed to state a cause of action to recover damages for breach of the implied covenant of good faith and fair dealing by the defendant, whose actions allegedly frustrated the rights and reasonable expectations of the plaintiff under the lease termination agreement (*see generally Dalton v Educational Testing Serv.,* 87 NY2d 384, 389 [1995]; *1-10 Indus. Assoc. v Trim Corp. of Am.,* 297 AD2d 630, 631 [2002]).

Contrary to the defendant's contention, the complaint and supporting material also stated a cause of action to recover damages for fraud. "In an action to recover damages for fraud, the plaintiff must prove a representation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]). The plaintiff adequately alleged these elements by setting forth factually-based claims that the defendant engaged in a scheme to induce the plaintiff to terminate its lease and surrender possession of the leasehold premises prematurely in reliance upon fraudulent misrepresentations and omissions by the defendant. Accordingly, the fraud cause of action is not duplicative of the breach of contract claim and is not subject to dismissal on that basis (*cf. Melissakis v Proto Constr. & Dev. Corp.,* 294 AD2d 342 [2002]; *Schunk v New York Cent. Mut. Fire Ins. Co.,* 237 AD2d 913 [1997]; *Giambrone v Owens,* 167 AD2d 841 [1990]).

The defendant's remaining contentions are without merit. Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.