■ WILTON W. WIDMAN, JR., Appellant, v BETH A. ROSENTHAL et al., Respondents. [834 NYS2d 862]—In an action, inter alia, to recover damages for an alleged breach of fiduciary duty, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated January 25, 2006, as, upon reargument, in effect, vacated a prior order of the same court dated December 5, 2005, denying the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and granted the motion to dismiss.

Ordered that the order is affirmed insofar as appealed from, with costs.

In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.,* 96 NY2d 409, 414 [2001]; *see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Lupski v County of Nassau,* 32 AD3d 997 [2006]; *Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC,* 32 AD3d 423 [2006]; *Simmons v Edelstein,* 32 AD3d 464 [2006]). Here, even after according the plaintiff the benefit of every possible favorable inference, we agree with the Supreme Court that the complaint fails to state any cognizable legal ground for the recovery of any damages (*see Kovach v Hinchey,* 276 AD2d 942 [2000]).

Accordingly, upon reargument, the Supreme Court properly granted the defendants' motion to dismiss the complaint (*see* CPLR 3211 [a] [7]). Ritter, J.P., Santucci, Balkin and McCarthy, JJ., concur.