■ FRANK A. KLEPETKO, Appellant, v PHIL REISMAN et al., Respondents. [839 NYS2d 101]—

In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated January 23, 2006, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for allegedly defamatory statements made in a column in a daily newspaper. The column stated, inter alia, that the plaintiff was "cowardly," an "idiotic menace," and that he lived with another middle-aged man, which the plaintiff alleges is an insinuation that he is a homosexual. The Supreme Court granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. We affirm.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the pleaded facts are accepted as true and given every favorable inference (*see Gershon v Goldberg*, 30 AD3d 372, 373 [2006]). The court must determine whether the factual allegations taken from the four corners of the complaint manifest any cognizable cause of action (*see id.*).

The tort of libel arises from the publication of a statement about an individual that is both false and defamatory (*see Brian v Richardson*, 87 NY2d 46, 50 [1995]). "The issue of whether particular words are defamatory presents a legal issue to be resolved by the court" (*Brach v Congregation Yetev Lev D'Satmar*, 265 AD2d 360, 361 [1999]). "If the words are not reasonably susceptible of a defamatory meaning, they are not actionable" (*id.* at 361).

In the instant case, the opinions expressed in the column are

not actionable because they are "pure opinions" supported by a recitation of facts upon which they are based (*see Steinhilber v Alphonse,* 68 NY2d 283, 289 [1986]). The statements "amounted to no more than name-calling or a general insult, a type of epithet not to be taken literally and not deemed injurious to reputation" (*DePuy v St. John Fisher Coll.,* 129 AD2d 972, 973 [1987]).

The false imputation of homosexuality is "reasonably susceptible of a defamatory connotation" (*Matherson v Marchello,* 100 AD2d 233, 242 [1984], quoting *James v Gannett Co.,* 40 NY2d 415, 419 [1976]). However, the statement that the plaintiff lived together with another middle-aged man does not readily connote a sexual relationship, particularly when viewed in the context of a column concerning irresponsible dog owners (*see James v Gannett Co., supra*).

Accordingly, the plaintiff failed to state a cause of action alleging libel. The plaintiff's remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Lifson, JJ., concur.