■ ERIC GOLDFINE et al., Appellants, v MICHAEL SICHENZIA et al., Defendants, and OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Respondent. [841 NYS2d 789]—In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 24, 2005, as denied their motion, in effect, for leave to amend the complaint, and (2) so much of an order of the same court dated December 19, 2005, as granted the motion of the defendant Old Republic National Title Insurance Company, in effect, pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the] plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Klepetko v Reisman*, 41 AD3d 551 [2007]; *Lawlor Consultants, Ltd. v Shoreham-Wading Riv. Cent. School Dist.*, 40 AD3d 1048 [2007]; *Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033 [2007]; *Widman v Rosenthal*, 40 AD3d 749 [2007]). Under the circumstances of this case, even after according the plaintiffs the benefit of every possible favorable inference, the complaint fails to state any cognizable legal ground for the recovery of any damages against the defendant Old Republic National Title Insurance Company (hereinafter Old Republic) (*see Widman v Rosenthal*). Accordingly, the Supreme Court properly granted Old Republic's motion to dismiss the complaint insofar as asserted against it (*see* CPLR 3211 [a] [7]).

The plaintiffs' remaining contentions either need not be considered in light of our determination or are without merit. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.