*747 OPINION OF THE COURT
Leonard B. Austin, J.
Defendants move to dismiss plaintiffs causes of action for failure to state a cause of action.
Background
This is an action against a package delivery service for negligence and breach of contract.
Plaintiff, NGH Associates, Ltd. is a corporate security consulting firm which is located in Roslyn Heights. NGH also conducts investigations and provides litigation support.[1] On November 30, 2006, NGH entrusted a package to defendant United Parcel Service, Inc. (UPS) for overnight delivery to an attorney located in Garden City. The package contained “sensitive materials” which were to be reviewed by the attorney before being transmitted to the attorney’s client.
The parties do not disclose the manner in which the package was transferred to UPS. However, for purposes of this motion, the court will assume that it was placed in a UPS “drop box” by an NGH employee. Although a tracking number was assigned to the package, it is unclear whether any type of receipt or bill of lading was issued.[2] In any event, shortly after receiving the package, UPS sent NGH a “damage/loss notification,” stating that the parcel had been found empty and the carton discarded.
NGH alleges that UPS subsequently recovered a portion of the materials and delivered them not to the attorney but to the client. NGH claims that the misdelivery of the package resulted in damage to both its reputation and its business.[3]
*748 On May 11, 2007, plaintiff served a summons with notice upon UPS apparently by delivering it to the Secretary of State.[4] The summons with notice states that the nature of the action is for breach of contract, gross negligence and damage to the business reputation of the plaintiff. (CPLR 305 [b].) The summons with notice does not state the sum of money for which judgment may be taken in case of default. However, this is a waivable defect. (Sirkis v Cohen, 23 AD3d 369 [2d Dept 2005].)
UPS moves to dismiss plaintiffs claim for failure to state a cause of action. Defendant asserts that plaintiffs claim is preempted by the Federal Aviation Authorization Act which prohibits the states from enforcing any law or regulation related to a “price, route, or service” of a motor carrier or freight forwarder. (49 USC § 14501 [c] [1].)
In opposition, plaintiff argues that defendant’s pre-answer motion to dismiss is “premature,” and that defendant’s proper remedy is to demand a complaint pursuant to CPLR 3012. Alternatively, plaintiff argues that its claim is not preempted by federal law.
Discussion
NGH commenced this action by serving a summons with notice. CPLR 3012 (b) gives a defendant served with a summons with notice two options. They are: (1) serve a demand for a complaint; or (2) serve a notice of appearance. In either circumstance, plaintiff is required to serve a complaint within 20 days of service of either. The only difference between these alternatives is that service of a demand for a complaint without a notice of appearance extends defendant’s time to appear until 20 days after service of the complaint.
Thus, the only statutorily permitted response to the service of a summons with notice is the service of a notice of appearance or a demand for a complaint. (See Siegel, NY Prac § 60 [4th ed].) Customarily, a demand for service of a complaint is accompanied by a notice of appearance.
For the purposes of a motion to dismiss made pursuant to CPLR 3211 (a) (7), the distinction between serving a demand for a complaint or a notice of appearance is irrelevant. Such a motion can be made either before or after the service of a responsive pleading. (See CPLR 3211 [e].)
*749 CPLR 3211 (a) (7) permits the court to dismiss “one or more causes of action” alleged against a party “on the ground that . . . the pleading fails to state a cause of action.” (Emphasis added.)
CPLR 3011 sets forth the types of pleadings permitted in New York practice. (Weinstein-Korn-Miller, NY Civ Prac If 3011.00.) Pleadings include a complaint, an answer and a reply. (Id.) The remainder of CPLR 3011 provides what may be pleaded in an answer and what is the appropriate responsive pleading.[5]
Since a summons with notice is not a pleading, one cannot move pursuant to CPLR 3211 (a) to dismiss an action when it is commenced by service of a summons with notice.
In determining a motion to dismiss made pursuant to CPLR 3211 (a) (7), the court must determine whether the pleader has a cognizable cause of action. (Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Rovello v Orofino Realty Co., 40 NY2d 633 [1976]; Well v Yeshiva Rambam, 300 AD2d 580 [2d Dept 2002]; Frank v DaimlerChrysler Corp., 292 AD2d 118 [1st Dept 2002].) The court must read the complaint and determine from the four corners of the document whether the factual allegations set forth any cognizable cause of action. (Klepetko v Reisman, 41 AD3d 551 [2d Dept 2007].) In making such a determination, the court must also accept as true all of the facts alleged in the complaint and any factual submissions made in opposition to the motion. (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409 [2001]; Alsol Enters., Ltd. v Premier Lincoln-Mercury, Inc., 11 AD3d 493 [2d Dept 2004].) The complaint must be liberally construed and the plaintiff must be given the benefit of every favorable inference. (Leon v Martinez, 84 NY2d 83 [1994]; Goldfine v Sichenzia, 43 AD3d 1108 [2d Dept 2007]; Paterno v CYC, LLC, 8 AD3d 544 [2d Dept 2004].)
Since the complaint has not yet been served, the court has no factual allegation to review so as to permit it to determine whether plaintiff has any cognizable causes of action. Stated more directly, the motion is premature.
*750 Accordingly, it is ordered that defendants’ motion to dismiss is denied without prejudice; and it is further ordered that plaintiff is directed to serve a complaint within 20 days of the date of this order.

. See NGH’s Web site at www.nghassociates.com.

. The tracking number for the package was 1Z5T2T920190719703.

. The court notes that a lawyer is under a duty to keep a client reasonably informed as to the status of a matter (Code of Professional Responsibility EC 9-2). While a lawyer may be justified in delaying transmission of information to which the client may react imprudently, a lawyer may not withhold information to serve the lawyer’s own interest or convenience (ABA Annotated Model Rules of Professional Conduct rule 1.4, Comment 7). For the purpose of this motion to dismiss, the court will assume that misdelivery of the package caused professional embarrassment to the attorney, but the attorney did not intend to hide information from the client or otherwise violate a disciplinary rule.

. (See plaintiff’s exhibit 5.) Upon defendants’ representation that the only defendant which is actually involved in the business of delivering packages is United Parcel Service, Inc., the action is deemed dismissed as to the other defendants.

. An answer may contain a counterclaim against the plaintiff or a cross claim against another defendant. The plaintiff must serve a reply to a counterclaim. A cross claim is deemed denied unless the party serving the answer specifically demands an answer to the counterclaim.