■ GAIL FARBER, Appellant, v WILBUR F. BRESLIN et al., Respondents. [850 NYS2d 604]—

In an action, inter alia, to recover damages for breach of fiduciary duty, fraudulent concealment, and negligent misrepresen-

tation, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 1, 2006, which denied her motion for leave to renew her opposition to the defendants' prior motion pursuant to CPLR 3211 (a) (1), (5), and (7) and CPLR 3016 to dismiss the amended complaint, which had been granted in an order of the same court entered January 26, 2005, and for leave to serve a second amended complaint, and (2) a judgment of the same court entered August 3, 2006, which, upon the orders entered January 26, 2005 and May 1, 2006, dismissed the amended complaint with prejudice.

Ordered that the appeal from the order entered May 1, 2006 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion to dismiss the amended complaint is denied, that branch of the plaintiff's motion which was for leave to serve a second amended complaint is granted, the orders entered January 26, 2005 and May 1, 2006 are modified accordingly, and the second amended complaint is deemed served; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order entered May 1, 2006 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 28, 1977 Jack Farber (hereinafter Farber) and the defendant Wilbur F. Breslin entered into a limited partnership agreement, as co-general partners, to form a New York limited partnership known as the defendant East Meadow Associates, L.P. (hereinafter East Meadow), for the purpose of acquiring a fee or leasehold interest in certain property. East Meadow obtained a property interest in a shopping center located on Hempstead Turnpike in East Meadow. Additionally, Farber and Breslin acquired an interest in an adjacent parcel as tenants-in-common (hereinafter the parcel).

On December 22, 1986 East Meadow entered into a consolidation and extension agreement with Citicorp Real Estate, Inc. (hereinafter Citicorp), pursuant to which the mortgages and notes encumbering East Meadow's property were consolidated into a single first mortgage lien in the amount of $9,400,000. The maturity date of the loan was November 1, 1996. When Farber died in 1995, and Breslin decided to continue the partnership, the plaintiff Gail Farber (hereinafter the plaintiff),

as representative of Farber's estate, automatically became a limited partner in East Meadow.

The loan was not paid in full on its maturity date, and Citicorp commenced a foreclosure action on June 2, 1997. Dissatisfied with the manner in which Breslin was managing the financial affairs of East Meadow, the plaintiff decided to withdraw as a limited partner. On July 16, 1999 the plaintiff entered into a settlement agreement with Breslin, pursuant to which she assigned her interests in East Meadow, its property, and the parcel to Breslin in exchange for $3 million. She also executed a general release. Breslin failed to disclose, and allegedly actively concealed from the plaintiff, his preexisting negotiations with the Wal-Mart Corporation (hereinafter Wal-Mart) which would eventually result in the satisfaction of the Citicorp mortgage.

On or about June 17, 2004 the plaintiff, individually and as personal representative of the estate of Farber (hereinafter the estate), commenced this action against Breslin and East Meadow to recover damages based on the fraudulently undervalued sale of the interests of the estate in East Meadow, its property, and the parcel. In an amended complaint, the plaintiff asserted four causes of action against the defendants, to wit, breach of fiduciary duty, failure to disclose material information, fraudulent concealment, and negligent misrepresentation. The first cause of action alleged that prior to the plaintiff's withdrawal as a limited partner from East Meadow, Breslin, as general partner, had a fiduciary obligation to disclose to her that he had begun to negotiate a lease with Wal-Mart, which would stop the foreclosure proceedings, and that he intentionally failed to do so to her detriment. The second cause of action alleged that Breslin had a duty to disclose this information to the plaintiff and that his concealment of the negotiations created false representations concerning the financial status and worth of East Meadow. The third cause of action alleged that Breslin intentionally and knowingly concealed this information from the plaintiff in order to induce her to sell her interests in East Meadow, its property, and the parcel for an amount substantially less than their actual worth, and that she had reasonably relied upon his misrepresentations. The fourth cause of action alleged that Breslin was aware that his representations regarding the financial situation of East Meadow were false, and that the foreclosure proceedings were not "imminent because he was negotiating a lucrative lease with [Wal-Mart]," and the plaintiff had justifiably relied upon those misrepresentations. The defendants moved to dismiss the amended complaint pursuant to CPLR 3211 (1), (5) and (7), and 3016. The Supreme Court granted the motion.

Thereafter, the plaintiff moved for leave to renew her opposition to the defendants' prior motion to dismiss the amended complaint, or in the alternative, for leave to serve a second amended complaint. The Supreme Court denied the motion.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the pleading is to be afforded a liberal construction. The court must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Widman v Rosenthal*, 40 AD3d 749 [2007]; *Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC*, 32 AD3d 423 [2006]). Whether a plaintiff can ultimately establish her allegations is not part of the calculus in determining a motion to dismiss (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *International Oil Field Supply Servs. Corp. v Fadeyi*, 35 AD3d 372, 375 [2006]).

The Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action. The allegations in the amended complaint were sufficient "for pleading survival purposes" to state causes of action alleging breach of fiduciary duty, failure to disclose material information, fraudulent concealment, and negligent misrepresentation (*Delaney v City of Mount Vernon*, 28 AD3d 416, 417 [2006] [internal quotation marks and citation omitted]; *see* CPLR 3016 [b]; *Fresh Direct v Blue Martini Software*, 7 AD3d 487, 489 [2004]; *Grammer v Turits*, 271 AD2d 644, 645 [2000]; *Berkshire Fashions v Woolworth Co.*, 256 AD2d 246, 247 [1998]).

The Supreme Court also erred in granting that branch of the defendants' motion which was to dismiss the amended complaint on the ground that a defense was founded upon documentary evidence (*see* CPLR 3211 [a] [1]). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Williams v Williams*, 36 AD3d 693, 695 [2007]). Contrary to the defendants' contentions, the documentary proof failed to resolve all issues as a matter of law and conclusively dispose of the claims made by the plaintiff (*see Mendelovitz v Cohen*, 37 AD3d 670, 670-671 [2007]; *Martin v New York Hosp. Med. Ctr. of Queens*, 34 AD3d 650 [2006]). The

proof did not refute the allegations that Breslin intentionally concealed from the plaintiff the negotiations with Wal-Mart in order to induce her to sell her interests in East Meadow, its property, and the parcel for an amount substantially less than their actual worth.

Moreover, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint based on the release. While the plaintiff's execution of the release in favor of the defendants was "a jural act of high significance" (*Mangini v McClurg*, 24 NY2d 556, 563 [1969]), a motion to dismiss should be denied where fraud or duress in the procurement of the release is alleged (*see Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *Bloss v Va'ad Harabonim of Riverdale*, 203 AD2d 36, 37 [1994]; *Anger v Ford Motor Co., Dealer Dev.*, 80 AD2d 736 [1981]). Here, the allegations of fraud were sufficient to support a possible finding that the release signed by the plaintiff was obtained "under circumstances which indicate unfairness" (*Gibli v Kadosh*, 279 AD2d 35, 41 [2000] [internal quotation marks and citation omitted]; *see Steen v Bump*, 233 AD2d 583, 584 [1996]). Dismissal pursuant to CPLR 3211 (a) (5) on the ground of the release overlooks the fact that the plaintiff alleged that Breslin procured the release by means of fraud.

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve a second amended complaint. "Leave to amend a pleading is to be freely given where, as here, there is no showing of prejudice or surprise to the nonmoving party, and the proposed amendment is not totally devoid of merit" (*Gjokaj v Fox*, 25 AD3d 759, 760 [2006]; *see G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95, 99 [2007]; *Consolidated Payroll Servs., Inc. v Berk*, 18 AD3d 415 [2005]; CPLR 3025 [b]).

The defendants' remaining contentions either are without merit or have been rendered academic in light of our determination. Crane, J.P., Fisher, Dillon and McCarthy, JJ., concur.