■ MELVIN MARTINEZ et al., Respondents, v LA COLONIA RESTAURANT et al., Defendants, and SUKHNANAN SUKHNANAN et al., Appellants. [866 NYS2d 307]—In an action to recover damages for personal injuries, the defendants Sukhnanan Sukhnanan and Seerojini Sukhnanan appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated December 11, 2007, which denied that branch of their motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the pleading must be afforded a liberal construction. The court must accept as true the facts alleged in the complaint and submissions in opposition to the motion, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts fit within any cognizable legal theory (*see Leon v Martinez,* 84 NY2d 83, 87-88 [1994]; *Farber v Breslin,* 47 AD3d 873, 876 [2008]).

Contrary to the appellants' contentions, the complaint sufficiently states a cause of action to recover damages arising from the alleged failure to properly retain control over the subject premises or over the operation of the business conducted on the premises (*see Donohue v S.R.O. Cafe,* 300 AD2d 433 [2002]; *Borelli v 1051 Realty Corp.,* 242 AD2d 517 [1997]).

A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]; *Farber v Breslin,* 47 AD3d 873, 876 [2008]). Here, the appellants' documentary submissions do not utterly refute the plaintiffs' allegations or conclusively establish that they did not retain or exercise control of a business known as La Colonia Restaurant on the subject premises (*see Farber v Breslin,* 47 AD3d 873, 876-877 [2008]). The affidavit of the defendant Seerojini Sukhnanan does not constitute documentary evidence (*see Fleming v Kamden Props., LLC,* 41 AD3d 781, 782 [2007]; *Berger v Temple Beth-El of Great Neck,* 303 AD2d 346, 347 [2003]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was to dismiss the complaint insofar as asserted against them. Mastro, J.P., Angiolillo, Carni and Eng, JJ., concur.