*978 OPINION OF THE COURT
Francois A. Rivera, J.
Defendants move, pursuant to CPLR 3211 (a) (7), for an order dismissing the plaintiffs’ summons with notice or, in the alternative, permanently staying this action and compelling the parties to proceed to arbitration before the Financial Industry Regulatory Authority pursuant to CPLR 7503 (a).
Plaintiffs submitted no opposition and failed to appear on April 17, 2009 for oral argument on the motion.
On or about January 15, 2008, plaintiffs served defendants with a summons and notice.
Motion Papers
Defendants’ motion consists of an attorney’s affirmation and four exhibits. Exhibit A is the summons with notice. Exhibit B is a copy of the plaintiffs’ investor profile and account with defendants. Exhibit C is a copy of the margin agreement between the parties. Exhibit D are copies of account statements.
Applicable Law And Discussion
CPLR 3012 (b) provides that when an action is commenced by service of a summons without a complaint, the defendant can serve a notice of appearance with a demand for a complaint within the time provided for in CPLR 320 (a). If the defendant serves a notice of appearance without a demand for a complaint, the complaint shall be served within 20 days after the service of the notice of appearance.
CPLR 3211 (a) (7) permits the court to dismiss one or more causes of action alleged against a party on the grounds that “the pleading fails to state a cause of action.”
In determining a motion to dismiss made pursuant to CPLR 3211 (a) (7), the court must review the complaint and determine whether the pleader has a cognizable cause of action. The main mission of an affirmative pleading such as a complaint is to give “notice” of the event out of which the grievance arises. If the pleading can be said to give that notice, the first pleading requirement is satisfied. If the allegations also cover the substantive material elements that make up the particular cause of action relied on, the second requirement is met and the pleading satisfies the CPLR. “The major challenge to an affirmative pleading is a motion under CPLR 3211 (a) (7) to dismiss it for failure to state a cause of action; a pleading that meets the two *979 stated requirements defeats that motion” (see Pires v Frota Oceanica E Amazonica, S.A., 20 Misc 3d 1108[A], 2008 NY Slip Op 51280[U], *5 [2008]; Siegel, NY Prac § 208 [4th ed]).
On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (Clement v Delaney Realty Corp., 45 AD3d 519 [2d Dept 2007]). Whether the plaintiffs can ultimately establish their allegations is not part of the calculus in determining a motion to dismiss (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
CPLR 3011 sets forth the types of pleadings permitted in New York practice. Pleadings include a complaint, an answer, and a reply. A summons with notice is not a pleading. Because a complaint has not been served, the court has no factual allegation to review so as to permit it to determine whether plaintiffs have any cognizable causes of action (see NGH Assoc., Ltd. v United Parcel Serv., Inc., 17 Misc 3d 746 [Sup Ct, Nassau County 2007]).
Pursuant to CPLR 3012, the only statutorily permitted response to the service of a summons with notice is the service of a notice of appearance with or without a demand for a complaint (see Siegel, NY Prac § 60 [4th ed]). A motion to dismiss pursuant to CPLR 3211 is premature.
As to the defendants’ alternative request to compel arbitration, the court relies on the same determination. There being no complaint, the court cannot decide, at this time, that a prior agreement to arbitrate controls.
Defendants’ motion to dismiss or compel arbitration is, therefore, denied without prejudice.