■ ADRIAN GORDON, Respondent, v LEWITT ORLANDO BOYD et al., Appellants. [945 NYS2d 741]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered September 21, 2011, which granted that branch of the plaintiff's motion which was for leave to renew his opposition to their motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint, which had been granted in an order of the same court entered March 29, 2011, and upon renewal, in effect, vacated the order entered March 29, 2011, and thereupon denied their motion pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint.

Ordered that the order entered September 21, 2011, is affirmed, without costs or disbursements.

A motion for leave to renew pursuant to CPLR 2221 (e) "may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion," but the movant must offer "a reasonable justification for the failure to present such facts on the original motion" (*Dervisevic v Dervisevic*, 89 AD3d 785, 786 [2011] [internal quotation marks omitted]). "Law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion" (*Nwauwa v Mamos*, 53 AD3d 646, 649 [2008]). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion to dismiss the complaint on the ground of law office failure (*id.*).

Upon renewal, the Supreme Court properly, in effect, vacated its previous order and denied the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (5). The document submitted by the defendants in support of their motion to dismiss was a release allegedly signed by the plaintiff. Upon renewal, in opposition to the motion, the plaintiff submitted evidence in support of his allegation that he did not personally sign the release and it was signed by someone without authority to act on his behalf. Under these circumstances, the defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (1) since the documentary evidence submitted by them failed to utterly refute the plaintiff's factual allegations and conclusively establish a defense as a matter of law (*see Farber v Breslin*, 47 AD3d 873, 876 [2008]). Moreover, the plaintiff sufficiently averred grounds for setting aside the release, and therefore, the defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (5) (*see Newin Corp. v Hartford Acc. & Indem. Co.*, 37 NY2d 211, 217 [1975]; *Storman v Storman*, 90 AD3d 895, 898

[2011]; *Farber v Breslin*, 47 AD3d at 877; *Anger v Ford Motor Co., Dealer Dev.*, 80 AD2d 736 [1981]). Angiolillo, J.P., Eng, Lott and Cohen, JJ., concur.