VASSILIA RABOS, Appellant, v R&R BAGELS & BAKERY, INC., et al., Defendants, and DAVID RAKHMINOV et al., Respondents. [955 NYS2d 109]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (McDonald, J.), dated July 13, 2011, as granted those branches of the motion of the defendants David Rakhminov and Larisa Rakhminov which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them, and granted the motion of the defendant Samir Kohan pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action insofar as asserted against him, and (2) so much of an order of the same court dated November 23, 2011, as denied that branch of her motion which was for leave to renew her opposition to those branches of the motion of the defendants David Rakhminov and Larisa Rakhminov which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them, and the motion of the defendant Samir Kohan pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action insofar as asserted against him, and those branches of her motion which were pursuant to CPLR 3211 (e) for leave to replead the second and fifth causes of action.

Ordered that the order dated July 13, 2011, is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants David Rakhminov and

Larisa Rakhminov which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them, and substituting therefor provisions denying those branches of the motion of the defendants David Rakhminov and Larisa Rakhminov; as so modified, the order dated July 13, 2011 is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated November 23, 2011, as denied those branches of the plaintiff's motion which were for leave to renew her opposition to those branches of the motion of the defendants David Rakhminov and Larisa Rakhminov which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them is dismissed as academic in light of our determination on the appeal from the order dated July 13, 2011; and it is further,

Ordered that the order dated November 23, 2011, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3211 (e) for leave to replead the second cause of action, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified the order dated November 23, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants David Rakhminov and Larisa Rakhminov, and one bill of costs is awarded to the defendant Samir Kohan, payable by the plaintiff.

The plaintiff commenced this action, inter alia, to recover damages for breach of contract and fraud. The first cause of action alleged breach of contract against, among others, the defendants David Rakhminov and Larisa Rakhminov (hereinafter the Rakhminov defendants). The second cause of action alleged fraud against, among others, the Rakhminov defendants. The fifth cause of action alleged breach of contract against, among others, the defendant Samir Kohan, incorrectly sued herein as Sammy Cohen.

The Rakhminov defendants moved, inter alia, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the first and second causes of action insofar as asserted against them, and Kohan separately moved pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action insofar as asserted against him. In an order dated July 13, 2011, the Supreme Court, among other things, granted those branches of the Rakhminov defendants' motion which were to dismiss the first and second causes of action insofar as asserted

against them, and Kohan's motion pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action insofar as asserted against him.

The plaintiff subsequently moved, inter alia, for leave to renew her opposition to those motions, and pursuant to CPLR 3211 (e) for leave to replead the second and fifth causes of action. In an order dated November 23, 2011, the Supreme Court denied those branches of the plaintiff's motion.

A motion to dismiss based on documentary evidence pursuant to CPLR 3211 (a) (1) may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]). In order to be considered documentary evidence within the meaning of CPLR 3211 (a) (1), the evidence "must be unambiguous and of undisputed authenticity" (*Fontanetta v John Doe 1*, 73 AD3d 78, 86 [2010]), that is, it must be "essentially unassailable" (*Suchmacher v Manana Grocery*, 73 AD3d 1017, 1017 [2010]; *see Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]).

Here, the corporate minutes submitted by the Rakhminov defendants in support of their motion do not constitute "documentary evidence" within the meaning of CPLR 3211 (a) (1) (*see Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]; *cf. Levine v Behn*, 282 NY 120 [1940]). Moreover, the purported documentary evidence failed to utterly refute the plaintiff's allegations (*see Kappa Dev. Corp. v Queens Coll. Point Holdings, LLC*, 95 AD3d 1178, 1179 [2012]; *HSBC Bank, USA v Pugkhem*, 88 AD3d 649, 651 [2011]). Indeed, the record contains evidence which directly contradicts the purported documentary evidence. Accordingly, those branches of the Rakhminov defendants' motion which were pursuant to CPLR 3211 (a) (1) to dismiss the first and second causes of action insofar as asserted against them should have been denied.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not

converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]).

Here, the first cause of action contained sufficient factual allegations to state a cause of action for breach of contract against the Rakhminov defendants. The complaint alleged, among other things, that the plaintiff entered into an agreement with the Rakhminov defendants pursuant to which she would make certain payments to them in return for 50% of the shares of a corporation they founded. The complaint alleged that the plaintiff made the payments and that the Rakhminov defendants failed to give her 50% of the shares of the corporation. Since the allegations in the complaint were sufficient to state a cause of action for breach of contract, and since those allegations were not refuted by the corporate minutes submitted by the Rakhminov defendants such that it can be said that the allegations were not facts at all, the Supreme Court should have denied that branch of the Rakhminov defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action insofar as asserted against them (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]).

The Supreme Court also erred when it granted that branch of the Rakhminov defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against them. "In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]; *see Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC*, 32 AD3d 423, 424 [2006]).

Here, the complaint alleged that the Rakhminov defendants represented to the plaintiff that she was in fact an owner of 50% of the corporation, and that they would personally make investments in the corporation in an amount equal to the sums that the plaintiff had given them for business expenses. These representations were alleged to have been made for the purpose

of deceiving the plaintiff into giving even more money to the Rakhminov defendants. The complaint further alleged that the statements were false, were known by the Rakhminov defendants to be false at the time they were made, and were intended to deceive, and that the plaintiff relied upon them to her detriment. Since the allegations in the complaint were sufficient to state a cause of action for fraud (*see Scott v Fields*, 92 AD3d 666, 668-669 [2012]; *Dana v Shopping Time Corp.*, 76 AD3d 992, 994 [2010]; *Richmond Shop Smart, Inc. v Kenbar Dev. Ctr., LLC*, 32 AD3d at 424), and since those allegations were not refuted by the corporate minutes submitted by the Rakhminov defendants such that it can be said that the allegations were not facts at all, the Supreme Court should have denied that branch of the Rakhminov defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action insofar as asserted against them (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Norment v Interfaith Ctr. of N.Y.*, 98 AD3d 955 [2012]).

However, the Supreme Court properly granted Kohan's motion pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action insofar as asserted against him. The allegations in the complaint failed to state a cause of action for breach of contract against Kohan (*see Leon v Martinez*, 84 NY2d at 87-88).

Turning to those branches of the plaintiff's motion which were pursuant to CPLR 3211 (e) for leave to replead the second and fifth causes of action, "the standard to be applied on a motion for leave to replead pursuant to CPLR 3211 (e) is consistent with the standard governing motions for leave to amend pursuant to CPLR 3025" (*Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 27 [2008]). "Namely, motions for leave to amend pleadings should be freely granted absent prejudice or surprise to the opposing party, unless the proposed amendment is devoid of merit or palpably insufficient" (*id.*).

Here, since the proposed amendment to the second cause of action was neither palpably insufficient nor patently devoid of merit, and there was no evidence that the amendment would prejudice or surprise the Rakhminov defendants, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (e) for leave to replead the second cause of action (*see Fusca v A & S Constr., LLC*, 84 AD3d 1155, 1157-1158 [2011]). However, since the proposed amendment to the fifth cause of action was palpably insufficient and patently devoid of merit, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3211 (e) for leave to replead the fifth cause of action (*see Scott v Fields*, 85 AD3d 756, 759 [2011]).

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.