In an action, inter alia, to recover damages for fraud and breach of contract, the defendants Corporate Funding Partners, LLC, doing business as LC.Com, LC.Com, Ltd., 3Marshall Jablon, Caren Raphael, and Joseph Lau appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J), dated April 8, 2011, as denied their motion, made jointly with the defendants Fin-Trade, Ltd., and Tellarian Funding, Ltd., which was pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the appellants.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court correctly determined that the draft letter of credit submitted in support of the appellants’ motion to dismiss the complaint insofar as asserted against them did not represent a contract between the plaintiffs and any of the appellants, and was insufficient to conclusively establish as a matter of law a defense to the asserted claims (see Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]; CPLR 3211 [a] [1]).
To the extent that the indemnification agreement between the parties constituted a release, the plaintiffs sufficiently averred grounds for setting aside this release (see Newin Corp. v Hartford Acc. & Indem. Co., 37 NY2d 211, 217 [1975]; Gordon v Boyd, 96 AD3d 719 [2012]). Therefore, the appellants were not entitled to dismissal pursuant to CPLR 3211 (a) (1) or (5) on this basis.
In support of that branch of their motion which was pursuant to CPLR 3211 (a) (7), the appellants failed to establish that the plaintiffs’ allegations were insufficient to state claims arising out of an alleged fiduciary relationship between the parties. Accepting the facts alleged in the complaint as true and according the plaintiffs the benefit of every possible favorable inference, *732 as we must on a motion pursuant to CPLR 3211 (a) (7) (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we find that the facts as alleged fit within a cognizable legal theory (see WIT Holding Corp. v Klein, 282 AD2d 527, 529 [2001]; Saboundjian v Bank Audi [USA], 157 AD2d 278, 283 [1990]).
The Supreme Court also properly denied that branch of the appellants’ motion which was to dismiss the causes of action insofar as asserted against the individual appellants. With respect to these appellants, the plaintiffs were required to plead both the general elements of fraud, i.e., misrepresentation of a material fact, scienter, justifiable reliance, and injury (Sirohi v Lee, 222 AD2d 222 [1995]), and that the individual appellants participated in or had knowledge of the fraud (see Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]). At this early juncture, accepting the factual allegations in the complaint as true, including the allegations as to the corporate positions and titles of these individual appellants, and according the plaintiffs every favorable inference, the plaintiffs adequately pleaded facts from which it could be inferred that these individuals were involved in or knew about the alleged fraudulent conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 492 [2008]).
The appellants’ remaining contentions are without merit. Dillon, J.E, Angiolillo, Dickerson and Hinds-Radix, JJ., concur.