■ In the Matter of ROBERT REINIG, Respondent, v GILLMAN J. LAEHY, as General Manager of the Buffalo˙ Sewer Authority, et al., Appellants. — Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Special Term erred in denying respondents' motion to dismiss this CPLR article 78 petition. The collective bargaining agreement between the parties provides a four-step grievance process culminating in arbitration which applies to any dispute which relates to "application, meaning and interpretation" of the agreement. This dispute, as to whether respondents were required to give petitioner notice and a hearing prior to docking him one-half day's pay, is clearly encompassed by the collective bargaining agreement and petitioner was required to avail himself of the grievance procedure prior to seeking article 78 relief (*Matter of Baran v Otterbein,* 84 AD2d 928). (Appeal from judgment of Supreme Court, Erie County, Cook, J. — art 78.) Present — .Hancock, Jr., J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ DAVID SAMSON, Appellant, v SUZETTE SAMSON, Respondent. — Judgment unanimously affirmed, with costs, for reasons stated in decision at Trial Term, Wolf, J. (Appeal from judgment of Supreme Court, Erie County, Wolf, J. — divorce.) Present — Hancock, Jr., J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.

■ DAVID HERNDON, an Infant, by his Mother, DIANE McINTOSH, Respondent, v CHARLES JENNINGS et al., Appellants, et al., Defendants. — Judgment, insofar as appealed from, unanimously reversed, on the law and facts, without costs, and complaint dismissed as against defendants Jennings. Memorandum: Defendants Jennings, owners of residential property occupied by their tenants, defendants Beeman, appeal from a judgment recovered against them by plaintiff, an eight-year-old boy, who was struck in the mouth by a baseball bat during a party given by the Beemans at which a softball game was in progress. The injury occurred when the batter, defendant Boltfield, who was allegedly intoxicated, allowed the bat to slip out of his hands. We find no breach of duty owed by defendant owners to plaintiff. There is no evidence that the accident was caused by a dangerous condition on the property (see *Basso v Miller,* 40 NY2d 233), nor is there any evidence that the owners had actual or constructive knowledge of any dangerous activities conducted on the premises by the tenants (see *Mangione v Dimino,* 39 AD2d 128, 129). Inasmuch as owners of property are not insurers of the safety of people on the property, there is no basis for recovery. (Appeal from judgment of Supreme Court, Seneca County, DePasquale, J. — negligence.) Present — Hancock, Jr., J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.