■ JENNEAN JESSUP et al., Respondents, v CHARLES R. HEDBERG et al., Respondents, and JOHN W. HOWARD et al., Appellants. [602 NYS2d 175] —In an action to recover damages for personal injuries, etc., the defendants John Howard and Linda Howard appeal from an order of the Supreme Court, Suffolk County (Copertino, J.), dated February 20, 1991, which granted the motion of the defendants Charles Hedberg and Margareta Hedberg to dismiss the complaint insofar as it is asserted against them and the appellants' cross claim.

Ordered that the order is affirmed, with costs.

The only claim of negligence in the plaintiffs' complaint and bill of particulars was that the infant plaintiff fell out of a tree and injured herself due to negligent supervision. The infant plaintiff was a guest of the Howards, who leased the property on which the tree stood from the Hedbergs.

The law is clear that an absentee landlord is not liable for a lessee's negligent supervision of an invited guest *(see, DelaCruz v Anheuser-Busch, Inc.,* 176 AD2d 673; *Cavanaugh v Knights of Columbus Council 4360,* 142 AD2d 202; *Herndon v Jennings,* 101 AD2d 688; *Shaya v Piacquaddio,* 67 AD2d 969). The Howards failed to demonstrate that further discovery would give rise to identifiable triable issues of fact *(see, Grosvenor v Niemand Bros.,* 149 AD2d 459, 460-461). Finally, the Hedbergs' submission of the pleadings in the action, along with their attorney's affirmation, was adequate to establish their entitlement to summary judgment where, as here, the issue is one of law rather than of fact *(see, Alvarez v Prospect*

*Hosp.,* 68 NY2d 320, 325; *Zuckerman v City of New York,* 49 NY2d 557; *Jones v City of Albany,* 128 AD2d 1017; *Marinas of Future v City of New York,* 87 AD2d 270). Thompson, J. P., Miller, Santucci and Joy, JJ., concur.