■ JOHN WINTER, Respondent, v JIMMY'S LAKESIDE INN, INC., et al., Defendants, and RICHARD MANSFIELD et al., Appellants. [606 NYS2d 417] —Yesawich Jr., J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered January 24, 1992 in Putnam County, which denied a motion by defendants Richard Mansfield and Virginia Mansfield for summary judgment dismissing the complaint against them.

This action arises out of an altercation which took place in the early morning of March 28, 1990 at a bar owned and operated by one or both of the corporate defendants (Jimmy's Lakeside Inn, Inc. and Brookside Inn, Inc.) on premises leased from defendants Richard Mansfield and Virginia Mansfield in the Town of Putnam Valley, Putnam County. Plaintiff alleges that he was assaulted and injured by defendant Joseph Mot-

tola, to whom he claims bar employees furnished alcoholic beverages over the course of the evening despite Mottola's intoxicated state. The Mansfields appeal Supreme Court's denial of their motion for summary judgment.

We reverse. The Mansfields, as landlords out of possession, cannot be held responsible for the assertedly "dangerous condition" which arose on their property on the evening in question, or for the activities of their tenant which may have created that condition. The deposition testimony submitted in support of their motion establishes that neither of the Mansfields was present at the time of the altercation, and that they maintained no control over the premises nor over the operation of the bar business in general. Plaintiff has presented nothing to contradict this showing. On these facts, it is clear that the Mansfields had no duty to protect plaintiff from the activities—including the furnishing of alcoholic beverages—of their tenant or the latter's patrons (see, Cavanaugh v Knights of Columbus Council 4360, 142 AD2d 202, 203-204, lv denied 74 NY2d 604; see also, Jessup v Hedberg, 602 NYS2d 175), and the averment by plaintiff's attorney, made, we note, only on information and belief, that the bar may have had a "rough" reputation, even if true does not compel a different result (see, Toma v Charbonneau, 186 AD2d 846, 847). Furthermore, it is well settled that the mere reservation of a right to enter property for the purpose of effecting repairs, without more, does not create a duty on the part of the landlord to assure the safety of the premises (see, Aprea v Carol Mgt. Corp., 190 AD2d 838). Plaintiff's other arguments are similarly unavailing.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Richard Mansfield and Virginia Mansfield and complaint dismissed against said defendants.