■ RALPH BORELLI, Respondent, v 1051 REALTY CORP. et al., Appellants. [661 NYS2d 290] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Feuerstein, J.), entered November 18, 1996, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment is granted, and the complaint is dismissed.

The plaintiff was allegedly assaulted outside premises owned

by the defendant 1051 Realty Corp. and leased to the defendant 1051 Enterprises, Inc., d/b/a Chauncey's Bar, by an employee of the bar. Upon our review of the record, we find that the defendants should have been granted summary judgment.

Generally, an out-of-possession landlord cannot be held liable for injuries that occur on its premises unless the landlord has retained control over the premises, or over the operation of the business conducted on the property (see, Dalzell v McDonald's Corp., 220 AD2d 638; Smith v 2J Mgt. Co., 211 AD2d 418; Winter v Jimmy's Lakeside Inn, 200 AD2d 826). The secretary of 1051 Realty Corp. averred that 1051 Realty Corp. did not operate the bar, did not supervise the day-to-day operations of the bar, and did not hire or employ bartenders, bouncers, or other individuals on behalf of the bar. The plaintiff failed to come forward with admissible evidence creating a question of fact on this issue. Thus, summary judgment should have been granted to 1051 Realty Corp. (see, Smith v 2J Mgt. Co., supra).

Moreover, the branch of the motion for summary judgment by the defendant 1051 Enterprises, Inc., d/b/a Chauncey's Bar was improperly denied. While this defendant could be held vicariously liable for any intentional tort of its employee acting within the scope of his employment (see, Yang Bai Choi v D & D Novelties, 157 AD2d 777), the plaintiff did not submit any evidence that his assailant was, in fact, an employee of Chauncey's Bar despite a police investigation into the matter. Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.