■ KUTURI K. GORDON, Also Known as KEVIN GORDON, Respondent, v FOSTER APARTMENTS GROUP et al., Appellants, et al., Defendants. (Action No. 1.) KUTURI K. GORDON, Also Known as KEVIN GORDON, Respondent, v G.F.C. MANAGEMENT SERVICES, INC., Appellant. (Action No. 2.) [688 NYS2d 234] —In related actions to recover damages for personal injuries, Foster Apartments Group, a defendant in Action No. 1 and G.F.C. Management Services, Inc., a defendant in Action Nos. 1 and 2, appeal from an order of the Supreme Court, Kings County (Jones, J.), entered May 19, 1998, which denied their motion for summary judgment dismissing the complaints and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaints and all cross claims insofar as asserted against Foster Apartments Group and G.F.C. Management Services, Inc., are dismissed, and the actions against the remaining defendants are severed.

The plaintiff was injured when he was shot by Livingston

Millar, a defendant in Action No. 1, in a parking garage located in a building owned by Foster Apartments Group (hereinafter Foster) and managed by G.F.C. Management Services, Inc. (hereinafter GFC). Millar was an employee of V.I.P. Facility, Inc. (hereinafter VIP), which leased the garage space from Foster. The plaintiff commenced these actions against, among others, Foster and GFC, alleging in part that these defendants were negligent in the ownership, operation, management, maintenance, and control of the premises and in their employment of Millar. The Supreme Court denied the motion of these defendants for summary judgment dismissing the complaints and all cross claims insofar as asserted against them. We reverse.

It is well settled that "an out-of-possession landlord cannot be held liable for injuries that occur on its premises unless the landlord has retained control over the premises, or over the operation of the business conducted on the property" (*Borelli v 1051 Realty Corp.,* 242 AD2d 517, 518; *see, Dalzell v McDonald's Corp.,* 220 AD2d 638). Contrary to the plaintiff's contention, Foster and GFC made a prima facie showing of their entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324) by submitting affidavits and documentary evidence establishing that while Foster may have had a duty to perform certain repairs and maintenance to the premises, neither Foster nor GFC employed Millar, had any notice of any purported propensity toward violence on his part, and had no role in his hiring and retention or in the supervision of his work performance. Furthermore, neither of these defendants was obligated to provide security for the leasehold premises, nor did they retain control over the day-to-day operations of the parking garage business conducted by VIP thereon. While the burden thus shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial (*see, Zuckerman v City of New York,* 49 NY2d 557, 562), the plaintiff failed to come forward with any such evidence. Accordingly, the motion for summary judgment should have been granted (*see, Borelli v 1051 Realty Corp., supra; Gilbert v 4905 Ave. D Realty,* 224 AD2d 659; *see also, Canela v Wavecrest Mgt. Team,* 241 AD2d 506; *Francis v Ocean Vil. Apts.,* 222 AD2d 551). In this regard, the plaintiff's claim that summary judgment should be denied because additional discovery is warranted lacks merit (*see, Adelstein v Waterview Towers,* 250 AD2d 790). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.