■ FRANK DONOHUE, Respondent, v S.R.O. CAFE, INC., et al., Defendants, and ROBERT A. ADAMO, JR., Appellant. [750 NYS2d 882] —In an action to recover damages for personal injuries, the defendant Robert A. Adamo, Jr., appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated December 7, 2001, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Generally, an out-of-possession landlord cannot be held liable for injuries that occur on his premises unless the landlord has retained control over the premises, or over the operation of the business conducted on the premises (*see Borelli v 1051 Realty Corp.,* 242 AD2d 517; *Dalzell v McDonald's Corp.,* 220 AD2d 638). Here, the appellant landlord did not operate, maintain, or supervise the premises where the plaintiff was injured. Since the plaintiff failed to come forward with evidence raising a question of fact, summary judgment should have been granted to the appellant. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.