■ Sergio Rosado, Respondent, v Jose Bou et al., Respondents, and Poptee Patanjo et al., Appellants. [866 NYS2d 231]—

In an action to recover damages for personal injuries, the defendants Poptee Patanjo and Joe Del's Auto Body, Inc., doing business as Joe Del's Auto Body, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 2, 2007, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted the cross motion of the defendant Town of Brookhaven for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted those branches of the cross motion of the defendant Town of Brookhaven which were for summary judgment dismissing the complaint and the cross claims of the defendants Jose Bou and County of Suffolk insofar as asserted against it is dismissed as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Poptee Patanjo and Joe Del's Auto Body, Inc., doing business as Joe Del's Auto Body, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Poptee Patanjo and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

On April 20, 2004, at approximately 4:45 P.M., the plaintiff was driving a motor scooter westbound on Montauk Highway in the Town of Brookhaven. At the intersection of Montauk Highway and Weaver Avenue, his scooter collided with a vehicle driven by the defendant Jose Bou. Bou had approached the intersection driving southbound on Weaver Avenue and had just begun to make a turn onto Montauk Highway when the accident occurred. The collision allegedly was caused, in part, by vehicles parked close to the intersection on the shoulder of Montauk Highway and on the sidewalk which obstructed the lines of vision of both the plaintiff and Bou. The vehicles allegedly had been placed there by employees of the defendant Joe Del's Auto Body, Inc., doing business as Joe Del's Auto Body (hereinafter Joe Del's Auto Body), a business located on the northeast corner of the intersection.

The plaintiff thereafter commenced this action against Bou, the Town of Brookhaven, the County of Suffolk, Joe Del's Auto Body, and Poptee Patanjo, the owner of the premises occupied by Joe Del's Auto Body. The defendants Joe Del's Auto Body and Patanjo (hereinafter collectively the appellants) asserted a cross claim for contribution and common-law indemnification against Bou, the Town, and the County.

Bou testified at his deposition that he did not see the plaintiff approaching because his view was obstructed by vehicles parked on the shoulder of Montauk Highway immediately to the east of the intersection of Montauk Highway and Weaver Avenue. The plaintiff testified at his deposition that he did not see Bou's vehicle because of the vehicles parked in the street as well as the vehicles parked on the sidewalk at the same location. Evidence in the record established that the Town had designated the portion of Montauk Highway where the cars were parked as a "no stopping" zone, but it was undisputed that no signs were posted to that effect.

The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Town cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court granted the Town's cross motion, but denied the appellants' motion.

The Supreme Court properly determined that the Town established, prima facie, that it had not received prior written notice of an allegedly dangerous condition as required by section 84-1 of the Town Code, and neither Joe Del's Auto Body nor Patanjo raised a triable issue of fact in opposition (*see Smith v Town of Brookhaven*, 45 AD3d 567, 567-568 [2007]; *Griesbeck*

*v County of Suffolk*, 44 AD3d 618, 619 [2007]). Accordingly, the Supreme Court properly granted that branch of the Town's cross motion which was for summary judgment dismissing the appellants' cross claim for contribution and common-law indemnification insofar as asserted it.

Inasmuch as it is undisputed that no signs were posted as to any parking restrictions on the shoulder of Montauk Highway, vehicles allegedly parked on the shoulder by employees of Joe Del's Auto Body were not parked illegally (*see* Vehicle and Traffic Law § 1683 [a] [1]). Nonetheless, there is a triable issue of fact as to whether the obstruction arising from the vehicles illegally parked on the sidewalk in violation of Brookhaven Town Code § 85-378 by employees of Joe Del's Auto Body was a proximate cause of the collision (*cf. Pironti v Leary*, 42 AD3d 487, 490 [2007]). Although Bou testified that only the cars parked on the shoulder of Montauk Highway obstructed his view and prevented him from seeing the plaintiff's vehicle as it approached the intersection, the plaintiff testified that vehicles parked on the sidewalk obstructed his view of Bou's vehicle. Consequently, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Joe Del's Auto Body.

The Supreme Court erred, however, in denying that branch of the appellants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Patanjo. Patanjo established, prima facie, that he was an out-of-possession landlord who had not retained a right of reentry to operate the business on the premises and was not contractually obligated to perform any maintenance or repairs on the property (*see Tragale v 485 Kings Corp.*, 39 AD3d 626, 627 [2007]; *Knipfing v V&J, Inc.*, 8 AD3d 628, 628-629 [2004]). In opposition, the plaintiff and the other defendants failed to raise a triable issue of fact.

The appellants' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Fisher, Dickerson and Belen, JJ., concur. [*See* 2007 NY Slip Op 33517(U).]