(February 23, 2010)

■ EDDIE ARCHIE, Appellant, v MA's & PAPA JOE'S, INC., et al., Defendants, and JOSEPH H. EVERETT, Respondent. [896 NYS2d 121]—

In an action, inter alia, to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Orange County (Alessandro, J.), dated November 10, 2008, which granted the motion of the defendant Joseph H. Everett for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

In the early morning hours of January 1, 2005, at a bar owned and operated by the defendant Ma's & Papa Joe's, Inc. (hereinafter MPJ's), the defendant Darnell Williams, a bar patron, allegedly assaulted the plaintiff, who was also a patron of the bar. The plaintiff commenced this action to recover damages against Williams, MPJ's, and Joseph H. Everett, who was the sole officer of MPJ's and the owner of the building in which MPJ's operated. The plaintiff alleged, in part, that bar employees negligently furnished alcoholic beverages to Williams. The Supreme Court granted Everett's motion for summary judgment dismissing the complaint insofar as asserted against him individually. We affirm.

Generally, an out-of-possession landlord cannot be held liable for injuries occurring on the premises unless he or she has retained control over the premises or over the operation of the business conducted on the property (see Donohue v S.R.O. Cafe, 300 AD2d 433 [2002]; Borelli v 1051 Realty Corp., 242 AD2d 517, 518 [1997]; cf. Winter v Jimmy's Lakeside Inn, 200 AD2d 826, 827 [1994]). Here, Everett established, prima facie, that his control over the premises and over the operation of the bar was in his capacity as the president of the corporate tenant, MPJ's, and not in his individual capacity as landlord. Moreover, Everett established, prima facie, that he did not have any involvement in the acts leading to the plaintiff's alleged injuries. In opposition, the plaintiff failed to raise a triable issue of fact (see Donohue v S.R.O. Cafe, 300 AD2d at 433). Furthermore, the plaintiff alleged insufficient facts in the complaint or in opposition to Everett's motion that would permit Everett to be held liable for the wrongs of the corporate tenant under the doctrine of piercing the corporate veil (cf. East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122 [2009]). Consequently, the Supreme Court properly granted Everett's

motion for summary judgment dismissing the complaint insofar as asserted against him individually. Fisher, J.P., Florio, Belen and Hall, JJ., concur.