The plaintiff allegedly was injured when his motorcycle struck a vehicle driven by the defendant Lisa Solonchak, who was preparing to make a left turn at an intersection. At her deposition, Solonchak testified that her view to the left was obstructed for a distance of three or four car-lengths by two utility poles, so she had to move her vehicle forward into the intersection to see traffic coming from that direction. She did not see the *850 plaintiffs motorcycle until she moved past the poles. The accident occurred seconds later. One of the poles at the intersection was an old pole, to which only telephone lines were affixed, while the other pole was new. Except for the telephone lines, all other utility lines, including electric lines, had been transferred from the old pole to the new pole prior to the accident.
The Supreme Court properly denied the cross motion of the defendant Verizon New York, Inc. (hereinafter Verizon), and the motion of the defendant Long Island Power Authority (hereinafter LIPA) for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Neither Verizon nor LIPA established that it had no duty with respect to the old utility pole, which, by remaining adjacent to the new pole, allegedly caused a sight obstruction for Solonchak.
Furthermore, neither Verizon nor LIPA established that the failure to remove the old utility pole was not a proximate cause of the accident. Issues of fact exist as to whether the existence of two adjacent utility poles at the intersection where the accident occurred created a sight obstruction for Solonchak, which contributed to the happening of the accident (see Cherrez v Gonzalez, 94 AD3d 938 [2012]; Rosado v Bou, 55 AD3d 710, 713 [2008]; Deutcsh v Davis, 298 AD2d 487 [2002]).
Since both Verizon and LIPA failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to consider the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; McKenna v State of New York, 91 AD2d 1066 [1983]).
Accordingly, the Supreme Court properly denied Verizon’s cross motion and LIPA’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Angiolillo, J.P, Belen, Chambers and Austin, JJ., concur.