Ryals v West 21st St. Props., LLC (2021 NY Slip Op 07569)





Ryals v West 21st St. Props., LLC


2021 NY Slip Op 07569


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-00345
 (Index No. 26466/11)

[*1]Tracy Ryals, appellant, 
v
West 21st Street Properties, LLC, respondent, et al., defendants (and a third-party action).


Rubino Law Firm, Yonkers, NY (JenniElena Rubino of counsel), for appellant.
Correia, King, Fodera, McGinnis & Liferiedge (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg], of counsel), for respondent.
Nesenoff & Miltenberg, LLP, New York, NY (Philip A. Byler and Andrew T. Miltenberg of counsel), for third-party defendant John Bakhshi.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated December 7, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant West 21st Street Properties, LLC, which was for leave to renew that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court dated March 2, 2018, and, upon renewal, in effect, vacated so much of the order dated March 2, 2018, as denied that branch of the prior motion of the defendant West 21st Street Properties, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it, and thereupon granted that branch of the prior motion.
ORDERED that the order dated December 7, 2018, is affirmed insofar as appealed from, with costs payable by the plaintiff to the defendant 21st Street Properties, LLC.
The plaintiff commenced this consolidated action to recover damages for injuries he sustained after being shot inside a Manhattan nightclub. The defendant West 21st Street Properties, LLC (hereinafter W21), was the owner of the premises, and the defendant 539 JB Enterprises, Ltd (hereinafter JB), operated the nightclub. Following the completion of discovery, W21 moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated March 2, 2018, the Supreme Court denied W21's motion. W21 thereafter moved, among other things, for leave to renew that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it. In an order dated December 7, 2018, the court, inter alia, granted that branch of W21's motion which was for leave to renew that branch of its prior motion which was for summary judgment dismissing the complaint insofar as asserted against it, and upon renewal, granted that branch of W21's prior motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in granting that branch of W21's motion which was for leave to renew that branch of its prior motion which was for summary [*2]judgment dismissing the complaint insofar as asserted against it. W21 submitted evidence of new facts not offered on the prior motion that would change the court's determination, and presented a reasonable justification for its failure to submit those facts on its prior motion (see CPLR 2221[e][2], [3]; Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Candlewood Holdings, Inc. v Valle, 134 AD3d 872, 874; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586; Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 972).
Upon renewal, the Supreme Court properly granted that branch of W21's prior motion which was for summary judgment dismissing the complaint insofar as asserted against it. "[A]n out-of-possession landlord is not liable for injuries that occur on the leased premises due to the criminal acts of third parties unless it has retained control over the premises or is contractually obligated to provide security" (Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626, 628; see Inger v PCK Dev. Co., LLC, 97 AD3d 895; DeJesus v New York City Health & Hosps. Corp., 309 AD2d 729). Here, the evidence submitted by W21 was sufficient to establish, prima facie, that it was an out-of-possession landlord that did not retain control over the premises where the plaintiff was injured or over the operation of the nightclub conducted on the premises (see Archie v Ma's & Papa Joe's, Inc., 70 AD3d 985; Bryan v Crobar, 65 AD3d 997; Donohue v S.R.O. Cafe, 300 AD2d 433; Borelli v 1051 Realty Corp., 242 AD2d 517, 518), and that it was not contractually obligated to provide security (see Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d at 628). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the ability of W21 to reenter the premises and terminate the underlying lease agreement in the event that a certain commitment by JB was violated was insufficient to raise a triable issue of fact as to whether W21 maintained the requisite control over operation of the nightclub (see Bryan v Crobar, 65 AD3d 997; Rosado v Bou, 55 AD3d 710).
The parties' remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court