N.G. v DRF Mgt. Corp. (2024 NY Slip Op 00065)

N.G. v DRF Mgt. Corp.

2024 NY Slip Op 00065

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-07245
 (Index No. 58955/17)

[*1]N.G., etc., et al., appellants,
v
DRF Management Corporation, respondent, et al., defendants.

La Sorsa & Beneventano, White Plains, NY (Gregory M. La Sorsa of counsel), for appellants.
Marin Goodman, LLP, Harrison, NY (William K. Kerrigan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated August 19, 2020. The order granted the motion of the defendant DRF Management Corporation for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries sustained in June 2014 when the infant plaintiff N. G. was struck by a stray bullet while inside premises owned by the defendant DRF Management Corporation (hereinafter DRF). The premises was leased by the defendant Louis F. Escobar, and was operated as a pizzeria by the defendants Katocha Pizzeria, Edy Payes, and Heriberta Sonia Payes. DRF moved for summary judgment dismissing the complaint insofar as asserted against it, on the ground that it did not owe a duty to the plaintiffs under the instant circumstances. In an order dated August 19, 2020, the Supreme Court granted DRF's motion. The plaintiffs appeal.
"An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute imposing liability, a contractual provision placing the duty to repair on the landlord, or a course of conduct by the landlord giving rise to a duty" (McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714 [alterations and internal quotation marks omitted]; see Ryals v West 21st St. Props., LLC, 200 AD3d 1084, 1085; Tambriz v P.G.K. Luncheonette, Inc., 124 AD3d 626, 628). The complaint here alleges common-law negligence and does not allege a violation of a statute. "When an out-of-possession landlord retains some control and some contractual duty to make repairs to the leased premises, the question of liability will turn on whether the injury-producing condition fell within the landlord's contractual responsibilities" (McDonnell v Blockbuster Video, Inc., 203 AD3d at 714-715; see Patterson v H.E.H., LLC, 217 AD3d 879, 880).
Here, the evidence submitted by DRF in support of its motion for summary judgment [*2]established that it was an out-of-possession landlord, that it did not retain control over the premises, and that the lease required merely that DRF replace damaged plate glass at the tenant's expense. Consequently, DRF met its initial burden of establishing that it owed no duty to the plaintiffs (see Ryals v West 21st St. Props., LLC, 200 AD3d at 1085; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18-19). In opposition, the plaintiffs failed to raise a triable issue of fact (see Ryals v West 21st St. Props., LLC, 200 AD3d at 1085; Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 19).
Inasmuch as DRF owed no duty to the plaintiffs, we need not address whether DRF had notice of the alleged dangerous condition (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d at 19), or whether the subject incident was foreseeable (see Scurry v New York City Hous. Auth., 193 AD3d 1, 5, affd 39 NY3d 443).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court